Chief Judge Fuld.
On this appeal, taken by permission of the Appellate Division on a certified question, we are called upon to determine the reach of the tort of invasion of privacy as it exists under the law of the District of Columbia.
The complaint, in this action by Ralph Nader, pleads four causes of action against the appellant, General Motors Corporation, and three other defendants allegedly acting as it agents. *564 The first two causes of action charge an invasion of privacy, the third is predicated on the intentional infliction of severe emotional distress and the fourth on interference with the plaintiff’s economic advantage. This appeal concerns only the legal sufficiency of the first two causes of action, which were upheld in the courts below as against the appellant’s motion to dismiss (CPLR 3211, subd. [a], par. 7).
The plaintiff, an author and lecturer on automotive safety, has, for some years, been an articulate and severe critic of General Motors’ products from the standpoint of safety and design. According to the complaint — which, for present purposes, we must assume to be true — the appellant, having learned of the imminent publication of the plaintiff’s book “Unsafe at any Speed,” decided to conduct a campaign of intimidation against him in order to “ suppress plaintiff’s criticism of and prevent his disclosure of information ’ ’ about its products. To that end, the appellant authorized and directed the other defendants to engage in a series of activities which, the plaintiff claims in his first two causes of action, violated his right to privacy.[1]
¡Specifically, the plaintiff alleges that the appellant’s agents (1) conducted a series of interviews with acquaintances of the plaintiff, “ questioning them about, and casting aspersions upon [his] political, social * * * racial and religious views * * *; his integrity; his sexual proclivities and inclinations; and his personal habits ” (Complaint, par. 9[b]); (2) kept him under surveillance in public places for an unreasonable length of time (par. 9 [a]); (3) caused him to be accosted by girls for the purpose of entrapping him into illicit relationships (par. 9[d]); (4) made threatening, harassing and obnoxious telephone calls to him (par. 9[e]); (5) tapped his telephone and eavesdropped, by means of mechanical and electronic equipment, on his private conversations with others (par. 9[f]); and (6) conducted a “ continuing ” and harassing investigation of him *565 (par. 9[g]). These charges are amplified in the plaintiff’s bill of particulars, and those particulars are, of course, to be taken into account in considering the sufficiency of the challenged causes of action. (See Bolivar v. Monnat, 232 App. Div. 33, 34; see, also, 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.43.)
The threshold choice of law question requires no extended discussion. In point of fact, the parties have agreed—at least for purposes of this motion—that the sufficiency of these allegations is to be determined under the law of the District of Columbia. The District is the jurisdiction in which most of the acts are alleged to have occurred, and it was there, too, that the plaintiff lived and suffered the impact of those acts. It is, in short, the place which has the most significant relationship with the subject matter of the tort charged. (See, e.g., Babcock v. Jackson, 12 N Y 2d 473.)
Turning, then, to the law of the District of Columbia, it appears that its courts have not only recognized a common-law action for invasion of privacy but have broadened the scope of that tort beyond its traditional limits. (See Pearson v. Dodd, 410 F. 2d 701; Afro-American Pub. Co. v. Jaffe, 366 F. 2d 649; Peay v. Curtis Pub. Co., 78 F. Supp. 305; see, also Bloustein, „ Privacy as an Aspect of Human Dignity, 39 N. Y. U. L. Rev. 962, 977; Prosser, Privacy, 48 Cal. L. Rev. 383. 389 et seq.) Thus, in the most recent of its cases on the subject, Pearson v. Dodd (410 F. 2d 701, supra), the Federal Court of Appeals for the District of Columbia declared (p. 704):
“We approve the extension of the toft of invasion of privacy to instances of intrusion, whether by physical trespass or not, into spheres from which an ordinary man in a plaintiff’s position could reasonably expect that the particular defendant should be excluded.” (Italics supplied.)
It is this form of invasion of privacy—initially termed “ intrusion ” by Dean Prosser in 1960 (Privacy, 48 Cal. L. Rev. 383, 389 et seq.; Torts, § 112) —on which the two challenged causes of action are predicated.
Quite obviously, some intrusions into one’s private sphere- are inevitable concomitants of life in an industrial and densely *566 populated society, which the law does not seek to proscribe even if it were possible to do so. “ The law does not provide a remédy for every annoyance that occurs in everyday life.” (Kelley v. Post Pub. Co., 327 Mass. 275, 278.) However, the District of Columbia courts have held that the law should and does protect against certain types of intrusive conduct, and we must, therefore, determine whether the plaintiff’s allegations are actionable as violations of the right to privacy under the law of that jurisdiction. To do so, we must, in effect, predict what the judges of that jurisdiction’s highest court would hold if this case were presented to them. (See, e.g., Cooper v. American Airlines, 149 F. 2d 355, 359, per Frank, J.) In other words, what would the Court of Appeals for the District of Columbia hold is the character of the ‘ ‘ privacy ’ ’ sought to be protected? More specifically, would that court accord an individual a right, as the plaintiff before us insists, to be protected against any interference whatsoever with his personal seclusion and solitude? Or would it adopt a more restrictive view of the right, as the appellant urges, merely protecting the individual from intrusion into “ something secret,” from snooping and prying into his private affairs ?
The classic article by Warren and Brandéis (The Right to Privacy, 4 Harv. L. Rev. 193)—to which the court in the Pearson case referred as the source of the District’s common-law action for invasion of privacy (410 F. 2d, at p. 703) —was premised, to a large extent, on principles originally developed in the field of copyright law. The authors thus based their thesis on a right granted by the common law to “ each individual * * * of determining, ordinarily, to what extent his thoughts, sentiments and emotions shall be communicated to others ’ ’ (4 Harv. L. Rev., at p. 198). Their principal concern appeared to be not with a broad “ right to be let alone ” (Cooley, Torts [2d ed.], p. 29) but, rather, with the right to protect oneself from having one’s private affairs known to others and to keep secret or intimate facts about oneself from the prying eyes or ears of others.
In recognizing the existence of a common-law cause of action for invasion of privacy in the District of Columbia, the Court of Appeals has expressly adopted this latter formulation of the *567 nature of the right. (See, e.g., Afro-American Pub. Co. v. Jaffe, 366 F. 2d 649, 653, supra.) Quoting from the Restatement, Torts (§ 867), the court in the Jaffe case (366 F. 2d, at p. 653) has declared that “ [liability attaches to a person who ‘ unreasonably and seriously interferes with another’s interest in not having his affairs known to others.’” (Emphasis supplied.) And, in Pearson, where the court extended the tort of invasion of privacy to instances of “ intrusion,” it again indicated, contrary to the plaintiff’s submission, that the interest protected was one’s right to keep knowledge about oneself from exposure to others, the right to prevent “ the obtaining of the information by improperly intrusive means ” (410 F. 2d, at p. 704; emphasis supplied). In other jurisdictions, too, the cases which have recognized a remedy for invasion of privacy founded upon intrusive conduct have generally involved the gathering of private facts or information through improper means. (See, e.g., Hamberger v. Eastman, 106 N. H. 107; Ford Motor Co. v. Williams, 108 Ga. App. 21; LeCrone v. Ohio Bell Tel. Co., 120 Ohio App. 129; see, also, Bloustein, Privacy as an Aspect of Human Dignity, 39 N. Y. U. L. Rev. 962, 972. But cf. Housh v. Peth, 165 Ohio St. 35.)
It should be emphasized that the mere gathering of information about a particular individual does not give rise to a cause of action under this theory. Privacy is invaded only if the informátion sought is of a confidential nature and the defendant’s conduct was unreasonably intrusive. Just as a common-law copyright is lost when material is published, so, too, there can be no invasion of privacy where the information sought is open to public view or has been voluntarily revealed to others. (See Forster v. Manchester, 410 Pa. 192; Tucker v. American Employers’ Ins. Co., 171 So. 2d 437 [Fla.]; see, also, Prosser, Torts [3d ed.], p. 835; Restatement, 2d, Torts, Tent. Draft No. 13, § 652B, comment c.) In order to sustain a cause of action for invasion of privacy, therefore, the plaintiff must show that the appellant’s conduct was truly “intrusive” and that it was designed to elicit information which would not be available through normal inquiry or observation.
The majority of the Appellate Division in the present case stated that all of “ [t]he activities complained of” in the first *568 two counts constituted actionable invasions of privacy under the law of the District of Columbia (31 A D 2d, at p. 394).[2] We do not agree with that sweeping determination. At most, only two of the activities charged to the appellant are, in our view, actionable as invasions of privacy under the law of the District of Columbia (infra, pp. 568-571). However, since the first two counts include allegations which are sufficient to state a cause of action, we could—as the concurring opinion notes (p. 571) —merely affirm the order before us without further elaboration. To do so, though, would be a disservice both to the judge who will be called upon to try this case and to the litigants themselves. In other words, we deem it desirable, nay essential, that we go further and, for the guidance of the trial court and counsel, indicate the extent to which the plaintiff is entitled to rely on the various allegations in support of his privacy claim.
In following such a course, we are prompted not only by a desire to avoid any misconceptions that might stem from the opinion below but also by recognition of the fact that we are dealing with a new and developing area of the law. Indeed, we would fail to meet our responsibility if we were to withhold determination — particularly since the parties have fully briefed and argued the points involved — and thereby thrust upon the trial judge the initial burden of appraising the. impact of a doctrine still in the process of growth and of predicting its reach in another jurisdiction.
Turning, then, to the particular acts charged in the complaint, we cannot find any basis for a claim of invasion of privacy, under District of Columbia law, in the allegations that the appellant, through its agents or employees, interviewed many persons who knew the plaintiff, asking questions about him and casting aspersions on his character. Although those inquiries may have uncovered information of a personal nature, it is difficult to see how they may be said to have invaded the plaintiff’s privacy. *569 Information about the plaintiff which was already known to others could hardly be regarded as private to the plaintiff. Presumably, the plaintiff had previously revealed the information to such other persons, and he would necessarily assume the risk that a friend or acquaintance in whom he had confided might breach the confidence. If, as alleged, the questions tended to disparage the plaintiff’s character, his remedy would seem to be by way of an action for defamation, not for breach of his right to privacy. (Cf. Morrison v. National Broadcasting Co., 19 N Y 2d 453,458-459.)
Nor can we find any actionable invasion of privacy in the allegations that the appellant caused the plaintiff to be accosted by girls with illicit proposals, or that it was responsible for the making of a large number of threatening and harassing telephone calls to the plaintiff’s home at odd hours. Neither of these activities, howsoever offensive and disturbing, involved intrusion for the purpose of gathering information of a private and confidential nature.
As already indicated, it is manifestly neither practical nor desirable for the law to provide a remedy against any and all activity which an individual might find annoying. On the other hand, where severe mental pain or anguish is inflicted through a deliberate and malicious campaign of harassment or intimidation, a remedy is available in the form of an action for the intentional infliction of emotional distress — the theory underlying the plaintiff’s third cause of action. But the elements of such an action are decidedly different from those governing the tort of invasion of privacy, and just as we have carefully guarded against the use of the prima facie tort doctrine to circumvent the limitations relating to other established tort remedies (see Morrison v. National Broadcasting Co., 19 N Y 2d 453, 458-459, supra), we should be wary of any attempt to rely on the tort of invasion of privacy as a means of avoiding the more stringent pleading and proof requirements for an action for infliction of emotional distress. (See, e.g., Clark v. Associated Retail Credit Men, 105 F. 2d 62, 65 [Ct. App., D.C.].)
Apart, however, from the foregoing allegations which we find inadequate to spell out a cause of action for invasion of privacy under District of Columbia law, the complaint contains allegations concerning other activities by the appellant or its agents *570 which do satisfy the requirements for such a cause of action. The one which most clearly meets those requirements is the charge that the appellant and its codefendants engaged in unauthorized wiretapping and eavesdropping by mechanical and electronic means. The Court of Appeals in the Pearson case expressly recognized that such conduct constitutes a tortious intrusion (410 F. 2d 701, 704, supra), and other jurisdictions have reached a similar conclusion. (See, e.g., Hamberger v. Eastman, 106 N. H. 107, 112, supra; Roach v. Harper, 143 W. Va. 869, 877; Fowler v. Southern Bell Tel. & Tel. Co., 343 F. 2d 150, 156.)[3] In point of fact, the appellant does not dispute this, acknowledging that, to the extent the two challenged counts charge it with wiretapping and eavesdropping, an actionable invasion of privacy has been stated.
There are additional allegations that the appellant hired people to shadow the plaintiff and keep him under surveillance. In particular, he claims that, on one occasion, one of its agents followed him into a bank, getting sufficiently close to him to see the denomination of the bills he was withdrawing from his account. From what we have already said, it is manifest that the mere observation of the plaintiff in a public place does not amount to an invasion of his privacy. But, under certain circumstances, surveillance may be so “ overzealous ” as to render it actionable. (See Pearson v. Dodd, 410 F. 2d 701, 704, supra; Pinkerton Nat. Detective Agency v. Stevens, 108 Ga. App. 159.) Whether or not the surveillance in the present case falls into this latter category will depend on the nature of the proof. A person does not automatically make public everything he does merely by being in a public place, and the mere fact that Nader was in a bank did not give anyone the right to try to discover the amount of money he was withdrawing. On the other hand, if the plaintiff acted in such a way as to reveal that fact to any casual observer, then, it may not be said that the appellant *571 intruded into Ms private sphere. In any event, though, it is enough for present purposes to say that the surveillance allegation is not insufficient as a matter of law.
Since, then, the first two causes of action do contain allegations which are adequate to state a cause of action for invasion of privacy under District of Columbia law, the courts below properly denied the appellant’s motion to dismiss those causes of action. It is settled that, so long as a pleading sets forth allegations which suffice to spell out a claim for relief, it is not subject to dismissal by reason of the inclusion therein of additional nonactionable allegations. (See Spano v. Perini Corp., 25 N Y 2d 11, 18; see, also, Tompkins v. State of New York, 7 N Y 2d 906, 907; Rager v. McCloskey, 305 N. Y. 75, 80.)
We would but add that the allegations concerning the interviewing of third persons, the accosting by girls and the annoying and threatening telephone calls, though insufficient to support a cause of action for invasion of privacy, are pertinent to the plaintiff’s third cause of action—in which those allegations are reiterated—charging the intentional infliction of emotional distress. However, as already noted, it will be necessary for the plaintiff to meet the additional requirements prescribed by the law of the District of Columbia for the maintenance of a cause of action under that theory.
The order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.

. The first cause of action contains allegations of several types of activity which took place, for the most part, in the District of Columbia, while the second charges the appellant with engaging in similar activity in New York. It appears that, at least to some extent, both counts are premised on the same conduct and should be treated as stating alternative rather than cumulative claims for damages. In any event, however, the substantive nature of the two counts is the same.

. “The activities complained of:” wrote the Appellate Division majority, “ the shadowing, the. indiscriminate interviewing of third persons about features of his intimate life, the wiretapping and eavesdropping, the prying into his bank accounts, taxes, the alleged accosting by young women and the receipt of threatening phone calls, all are within the purview of these cases ” (31 A D 2d, at p. 394).

. Indeed, although the question whether wiretapping affords a predicate for an invasion of privacy action has not yet arisen in our own jurisdiction, we note that our Penal Law — in an article entitled “ Offenses Against the Right to Privacy ”—■ makes eavesdropping by such means a felony (Penal Law, art. 250, § 250.05).