Anthony DAZZO and Susan Dazzo, Plaintiffs,

v.

LOCAL 259, UNITED AUTOMOBILE AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, Atherton Cadillac, Inc., Richard C. Atherton, Sr. and Frank Pepine, Defendants.

No. 77 C 2164.

United States District Court, D. New York.

April 14, 1978.

**800**

Crossin & Crossin, Larchmont, N. Y., for plaintiffs.

Sipser, Weinstock, Harper, Dorn & Leibowitz, New York City, for defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Plaintiffs have moved for an order remanding this action to the Suffolk County Supreme Court (and for costs and disbursements, including reasonable counsel fees for the cost of the improper removal of this action) or, in the alternative, for an order granting plaintiffs' leave to amend their complaint to name the President and Treasurer as parties to act on behalf of the defendant union and to add an allegation that the membership has ratified the activities of the union.

Defendant Local 259, United Automobile Aerospace and Agricultural Implement Workers of America ("Local 259"), petitioned for the removal of this action on the ground that the "first and second causes of action of the complaint . . . arise under Sections 7 and 8 of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 157 and 158" which applies in the instant context because defendant Atherton Cadillac, Inc. ("Atherton") is "engaged in an industry affecting commerce within the meaning of Sections 2(6) and 2(7) of the National Labor Relations Act," and that therefore the "action is . . . a civil action arising under the laws of the United States seeking damages in excess of $10,000 exclusive of costs and interests and is . . . within the original jurisdiction of the District Courts of the United States pursuant to 28 U.S.C. § 1331."

In his first cause of action against Local 259, plaintiff A. Dazzo alleges that (i) "defendant Local 259 falsly [sic] maliciously, through its agents stated that plaintiff Anthony Dazzo was the source of Cadillac labor problems . . . and illegally and maliciously demanded that plaintiff be fired", as a result of which plaintiff was fired, and that (ii) "Local 259 has continued its illegal course of conduct . . . by willfully, intentionally and maliciously communicating and [sic] threats of economic reprisals to potential and actual employers causing plaintiffs discharge and preventing plaintiff from obtaining comparable employment within automobile servicing industry." As a result of this, plaintiff claims lost wages in the amount of $61,000 and alleges that he "has suffered mental anguish, humiliation and loss of reputation."

In his second cause of action against Local 259, plaintiff A. Dazzo states that the facts alleged above in the first cause of action relative to plaintiff's discharge have already been determined adversely to Local 259 by the National Labor Relations Board ("NLRB"), that the decision of the NLRB was thereafter affirmed by the United States Court of Appeals for the Second Circuit, and that the judgment entered therein is now *res judicata*. Once again plaintiff claims that as a result of the indicated "willful, malicious and illegal acts of Local 259," he has lost $61,000 in wages and "has suffered mental anguish, humiliation and loss of reputation".

■ While these claims do technically state violations of the NLRA such as to give this Court jurisdiction on removal, this jurisdiction, as the defendant Local 259 points out, is pre-empted by the NLRB's primary jurisdiction exercised in the ongoing NLRB proceeding. *See San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 244–45, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). The question remains therefore as to plaintiff's pendent State claims. Specifically, this Court must now determine whether the Suffolk County Supreme Court

properly has jurisdiction over these claims, in which case they must be remanded for that Court's determination, given this Court's lack of jurisdiction over the federal claims, or whether that Court never properly had jurisdiction of these claims, in which case they must now be dismissed.

The defendant Local 259 argues that these State claims have been pre-empted by the NLRA, thus ousting the State courts of any jurisdiction in these matters, as indicated by the Supreme Court in *San Diego Building Trades Council v. Garmon, supra.* Plaintiff on the other hand argues that his State claims fall within the recently delineated exceptions to the *Garmon* rule set forth by the Supreme Court in *Farmer v. United Brotherhood of Carpenters & Joiners of America, Local 25, et al.,* 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977) and *Linn v. Plant Guard Workers,* 383 U.S. 53, 86 S.Ct. 651, 15 L.Ed.2d 582 (1966). *See also N.L.R.B. v. Committee of Interns and Residents,* 566 F.2d 810, 812 (2d Cir. 1977).

Therefore, the question this Court must now determine is whether the allegations contained in the first two causes of action of plaintiff's complaint constitute merely a claim of illegal and wrongful discharge from employment of the plaintiff in violation of the NLRA, over which State courts have no jurisdiction, or whether they are sufficient to constitute the basis for State claims "of the tort of intentional infliction of emotional distress" or of "intentional circulation of defamatory material known to be false" properly maintainable in State court under the *Farmer* and *Linn* decisions.

In the *Farmer* case, *supra,* the plaintiff in his amended complaint alleged that the defendants "had intentionally engaged in 'outrageous conduct, threats and intimidation and words' [had thereby] caused him to suffer" "grievous mental and emotional distress as well as great physical damage".

In rejecting the claim that these State claims were pre-empted by the NLRA, the Supreme Court held that (430 U.S. at 304 · 06, 97 S.Ct. at 1065 -66):

"Whether the statements or conduct of the respondents also caused Hill [the plaintiff] severe emotional distress and physical injury would play no role in the Board's disposition of the case, and the Board could not award Hill damages for pain, suffering, or medical expenses. Conversely, the state court tort action can be adjudicated without resolution of the 'merits' of the underlying labor dispute. Recovery for the tort of emotional distress under California law requires proof that the defendant intentionally engaged in outrageous conduct causing the plaintiff to sustain mental distress. . . . The state court need not consider, much less resolve, whether a union discriminated or threatened to discriminate against an employee in terms of employment opportunities. To the contrary, the tort action can be resolved without reference to any accommodation of the special interests of unions and members in the hiring hall context.

"On balance we cannot conclude that Congress intended to oust state court jurisdiction over actions for tortious activities such as that alleged in this case. At the same time, we reiterate that concurrent state court jurisdiction cannot be permitted where there is a realistic threat of interference with the federal regulatory scheme. Union discrimination in employment opportunities cannot itself form the underlying 'outrageous' conduct on which the state court tort action is based; to hold otherwise would undermine the pre-emption principle. Nor can threats of such discrimination suffice to sustain state court jurisdiction. It may well be that the threat, or actuality, of employment discrimination will cause a union member considerable emotional distress and anxiety. But something more is required before concurrent state court jurisdiction can be permitted. Simply stated, it is essential that the state tort be either unrelated to employment discrimination or a function of the particularly abusive manner in which the discrimination is accomplished or threatened rather than a function of the actual or threatened discrimination itself.

"Two further limitations deserve emphasis. Our decision rests in part on our understanding that California law permits recovery only for emotional distress sustained as a result of 'outrageous' conduct. The potential for undue interference with federal regulation would be intolerable if state tort recoveries could be based on the type of robust language and clash of strong personalities that may be commonplace in various labor contracts. We also repeat that state trial courts have the responsibility in cases of this kind to assure that the damages awarded are not excessive." (Citations omitted).

In the case at bar, in the plaintiff's first cause of action at least, he alleges false and malicious statements by the defendant Local 259, albeit in conclusory terms, and intentional and malicious threats of economic reprisals to potential and actual employers causing plaintiff's discharge and preventing plaintiff from obtaining further employment as a result of which plaintiff has allegedly suffered mental anguish, humiliation and loss of reputation. Both "false" and "malicious" statements and threats allegedly causing mental disturbance, if proven, may well be sufficient "outrageous conduct" to constitute an intentional tort justifying recovery under New York law, particularly if they were part of a deliberate campaign of harassment and intimidation. See Nader v. General Motors Corp., 25 N.Y.2d 560, 569, 307 N.Y.S.2d 647, 255 N.E.2d 765 (1970); see also, Halio v. Lurie, 15 A.D.2d 62, 222 N.Y.S.2d 759 (2d Dept.1961).

Similarly, the evidence may show that the "false" and "malicious" statements were sufficient to constitute "the intentional circulation of defamatory material known to be false" in violation of State law; a State claim which the NLRA clearly does not pre-empt. See Farmer v. United Brotherhood, supra; Linn v. Plant Guard Workers, supra.

As the Supreme Court did not do in the Farmer case, so we too in remanding this case to the Suffolk County Supreme Court express no view on the question whether the proof will be sufficient under State law to amount to such outrageous conduct causing emotional distress and mental anguish or defamation as to warrant a recovery on the part of the plaintiff herein. Nor do we hold that plaintiffs pleading of the indicated causes of action is necessarily sufficient under the New York Civil Practice Law and Rules. We merely hold that plaintiff's indicated conclusory allegations are sufficient to sustain State court jurisdiction and therefore to justify a remand to the Suffolk County Supreme Court for further proceedings consistent with the statements of the United States Supreme Court in its decisions in the Farmer and Linn cases and this Court herein.

Accordingly, plaintiff's motion to remand this action must be, and the same hereby is, granted, with costs and disbursements but without attorneys' fees.

SO ORDERED.