Argued and submitted April 20, affirmed August 24,
reconsideration denied October 15,
petition for review denied November 17, 1981 (292 Or 108)

OLIVER,
*Appellant,*

*v.*

PACIFIC NORTHWEST BELL
TELEPHONE COMPANY et al,
*Respondents.*

(No. A 7611-16395, CA 16540)

632 P2d 1295

Michael G. Hanlon, Portland, argued the cause for appellant. With him on the briefs were Henry A. Carey, Henry Kantor, and Henry A. Carey, P. C., Portland.

Chris L. Mullmann, Portland, argued the cause for respondent, Pacific Northwest Bell Telephone Company. With him on the brief was Ragen, Roberts, O'Scannlain, Robertson & Neill, Portland.

Jack H. Dunn, Portland, argued the cause for respondents North Pacific Lumber Company, David and Fleischman. On the brief were G. Kenneth Shiroishi and Morrison, Dunn, Cohen, Miller & Carney, Portland.

Garr M. King, Portland, argued the cause for respondent Donal O'Connor. With him on the brief was Kennedy, King & McClurg, Portland.

Donald W. McEwen, Portland, filed the brief for respondent Reginald A. Justus. With him on the brief was McEwen, Newman, Hanna & Gisvold, Portland.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

## ROBERTS, J.

Plaintiff seeks general and punitive damages of more than $20 million from Pacific Northwest Bell Telephone Company (Bell Telephone), North Pacific Lumber Company (North Pacific), and employes and officials of North Pacific, alleging that during his employment at North Pacific and immediately following his departure, his telephone calls to and from the firm were secretly monitored. He claims this action constituted both the common-law tort of invasion of privacy and a violation of 18 USC § 2510, the federal wiretapping statute.

Plaintiff was employed by North Pacific as a lumber trader from February, 1967, to April, 1976. In May, 1976, North Pacific filed suit against plaintiff, alleging that by accepting employment with a competitor he had violated a non-competition agreement in his original employment contract. The trial court refused to enforce the contract because of the company's unclean hands, finding North Pacific had committed improper business practices. The Supreme Court affirmed. *North Pacific Lumber Co. v. Oliver,* 286 Or 639, 596 P2d 931 (1979).[1] In the course of

---

[1] The trial court in *North Pacific* had based its finding of unclean hands on two of the allegations in that case: that North Pacific had improperly monitored employe calls and had derived improper profits from the settlement of claims. The Supreme Court said on this point:

"The record shows that plaintiff had special equipment installed by Pacific Northwest Bell which made it possible for plaintiff's employees to monitor other employee's calls, including those of defendant. * * * The record also indicates that on at least four occasions plaintiff monitored employee calls in order to spy on the employee and that on one occasion this was done to a trader as a means of discovering what defendant, then an ex-employee, was up to.

"It does not appear that plaintiff required defendant to monitor other traders' calls or that plaintiff ever actually monitored any of defendant's conversations. In any event, while these activities may have constituted a violation of the statute [ORS 165.540] we do not believe they justify application of the clean hands doctrine against plaintiff. * * * In addition, it is difficult to discern anything venal in the employer's actions under the circumstances of this case. In every case the plaintiff monitored calls of its employees made during business hours on company phones which presumably related to the conduct of plaintiff's business with its customers. While this court is aware that the statutes in question involve a legislative expression of public morality which this court will enforce whenever a public authority properly charges a violation, we do not believe the statutes control our application of the clean hands doctrine where the circumstances of the violation do not otherwise appear to dictate a withholding of the aid of the court." 286 Or at 660, 661.

that case, plaintiff first learned that North Pacific had engaged in clandestine monitoring of employes' telephone conversations.

In November, 1976, plaintiff filed this action. The court sustained the demurrer of defendant American Telephone and Telegraph Company (AT&T),[2] and summary judgment was granted for the remaining defendants. Plaintiff then appealed.

■■■ A party moving for summary judgment must establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Seeborg v. General Motors Corp.,* 284 Or 695, 588 P2d 1100 (1978). "Genuine issue" generally means "triable issue," and before a party has a "triable issue" there must be sufficient evidence on that point to entitle the party to a jury determination. In an appeal from a summary judgment the record must be viewed in the light most favorable to the party opposing the motion. *Yartzoff v. Democrat-Herald Pub. Co., Inc.,* 281 Or 651, 576 P2d 356 (1978).

The summary judgment statute under which the motions were made, former ORS 18.105(4), required that "an adverse party * * * must set forth specific facts showing that there is a genuine issue as to any material fact for trial." We have therefore analyzed the elements of each count of plaintiff's complaint to determine whether there was before the court, on either count, evidence creating a genuine issue as to any material fact for trial.

■■ ■■ To prevail on a claim based on the tort of invasion of privacy, plaintiff must show: (1) an intentional intrusion, physical or otherwise; (2) upon plaintiff's "private affairs or concerns"; and (3) that the intrusion would be offensive to a reasonable person. Restatement (Second) of Torts, § 117 (1971). Many jurisdictions have recognized that improper interception of telephone conversations is tortious conduct. *See,* e.g., *Rhodes v. Graham,* 238 Ky 225, 37 SW2d 46 (1931); *Nader v. General Motors Corp.,* 25 NY2d 560, 307 NYS2d 647, 255 NE2d 765 (1970); *Billings*

---

[2] This court has granted AT&T's motion to dismiss the appeal as to it.

*v. Atkinson,* 489 SW2d 858 (Tex 1973). There are, in addition, a number of cases where plaintiffs subject to wiretap have asserted a cause of action for invasion of privacy against a telephone company. *See,* e.g., *Fowler v. Southern Bell Telephone Co.,* 343 F2d 150 (5th Cir 1965); *Pacific T&T Co. v. Superior Court of San Diego Co.,* 2 Cal 3d 161, 84 Cal Rptr 718, 465 P2d 854 (1970); *LeCrone v. Ohio Bell Telephone Co.,* 120 Ohio App 129, 201 NE2d 533 (1963). Publication or communication of the content of the conversation is not required as an element of the tort. Restatement (Second) of Torts, § 117 (1971); *Hamberger v. Eastman,* 106 NH 107, 206 A2d 239 (1965).

Plaintiff offered no evidence that there had been any actual intrusion, i.e., that any call of his in or out of North Pacific had been monitored, or that his line was one of those which had been surreptitiously connected to a manager's line for monitoring purposes. There was specific evidence that calls of *other* employes had either been monitored by management or listened to by switchboard operators.[3] Paintiff's statements were that he "believed" or "felt" he was monitored, first, because of the existence of the apparatus. Second, he said, it seemed like a lot of people knew what he was doing in situations which he had not discussed with other employes. Other evidence showed that traders might have had difficulty *not* overhearing each other's phone conversations, since they worked within five feet of each other at "banks" of desks pushed flush with other desks on three sides, and without walls or partitions.

On the difficult issue of the sufficiency of the evidence in a wiretap case, plaintiff directs our attention to the reasoning of the Ohio Court of Appeals in a similar invasion of privacy case, *LeCrone v. Ohio Bell Telephone Co., supra.* The court in that case noted the difficulty of proof in cases alleging "mechanical eavesdropping" and held that listening can be established by inference. The

---

[3] Some of this evidence came from switchboard operators; defendants David, Fleischman and O'Connor, president, vice president and manager of the plywood department of North Pacific, respectively, said that the telephones of two employes other than the plaintiff were "tapped into." In one instance it was because the employe's professional performance concerned them; in the second instance management believed the employe was about to leave the company and/or disclose company documents to the competition.

*LeCrone* court held that for purposes of the tort a jury could find a prima facie case of interception where (1) there existed the means for interception (2) such means were in existence for a substantial period of time and (3) there was physical access to the means by a person with a motive. 201 NE2d at 538. In addition, the *LeCrone* court found the plaintiff's testimony that the line sounded "like someone was listening in" to be of some significance.[4] In the case before us, plaintiff's proof was purely circumstantial: that his supervisors knew things about him which he believed they could not have known unless they had overheard his phone conversations.

Using the *LeCrone* analysis, the essential fact questions would be: (1) did the "means" exist, without a showing by plaintiff that his phone was one of those specially wired, and (2) was there a "motive?" Plaintiff is, in addition, required to show that the intrusion was upon his "private affairs or concerns." In *LeCrone,* a husband who lived separately from his plaintiff wife had a wiretap installed on her home telephone.

In this case the trial court appeared to have some difficulty with the question of whether listening in on a trader's telephone calls to find out if the employe was considering leaving the company or was "talking to the competition" was a personal intrusion or an act "in the ordinary course of business." It found that any interception of plaintiff's phone calls had a business purpose, greatly emphasizing the particular dependency upon the telephone in North Pacific's business, in which the telephone was the vehicle by which lumber traders made sales and purchases. That finding, however, is not necessary.

■ We conclude that while the voluminous record in this case[5] makes a factual showing of intrusion by defendants on conversations of *other* employes, there is no evidence at all to indicate any intrusion upon *plaintiff's* phone

---

[4] Plaintiff in our case offered no such evidence, possibly only because of the sophistication of the equipment.

[5] The record contains nearly 1,000 pages of pleadings, affidavits and portions of depositions from previous litigation between the parties. The index to the record is ten pages long.

conversations. While we recognize the extreme difficulty of proof in cases of wiretapping and telephone eavesdropping, there are two things significantly weakening plaintiff's position: first, it *was* possible to gather information about the monitoring and wiretapping of *other* traders' telephone conversations, but no similar evidence was presented as to plaintiff's calls; second, we have found no case since *Le-Crone* which adopts the circumstantial evidence test for tort cases of "mechanical eavesdropping." We are reluctant to adopt such a test here, particularly since plaintiff's proof does not even rise to the *LeCrone* level. Absent any conflict in the facts as to whether plaintiff's telephone conversations were intruded upon, it is not necessary to determine whether any eavesdropping was upon personal or business matters. Summary judgment was properly granted on the tort claim.

Plaintiff's complaint also alleges a violation of 18 USC § 2520, the portion of the federal wiretap statute authorizing an action for civil damages. Plaintiff does not direct us to the specific substantive portion of the statute violated, but it is presumably 18 USC § 2511(1)(a), making it a crime to:

"Willfully intercept[s], endeavor[s] to intercept or procure[s] any other person to intercept or endeavor to intercept any wire or oral communication; * * *"

The trial court's disposal of this claim was based on its view that if North Pacific monitored any of plaintiff's phone conversations, it did so "in the ordinary course of its business" and any monitoring was thus a permissible exception under 18 USC § 2510(5)(a)(i). For the same reasons as stated in our analysis of plaintiff's tort claim we find he has failed to raise a factual issue as to whether any wire communication of his was actually intercepted. Summary judgment as to the federal statutory claim was also properly granted.[6]

Affirmed.

---

[6] Pacific Northwest Bell, as a communications common carrier, is specifically exempted from 18 USC § 2512, which makes it a crime to sell a listening device with reason to know it is primarily useful for surreptitious eavesdropping. 18 USC § 2512(2). It is not contended that the carrier "willfully intercept[ed] * * * or procure[d] any other to intercept, any wire or oral communication." 18 USC § 2511(1)(a).