■ JANE DOE et al., Respondents, v AMERICAN BROADCASTING COMPANIES, INC., et al., Appellants.—Order of the Supreme Court, New York County (Elliott Wilk, J.), entered February 1, 1989, which, *inter alia,* denied defendants' motion for summary judgment as to causes of action in plaintiffs' complaint including breach of contract, negligent and intentional infliction of emotional harm, is modified, on the law, solely to the extent of reversing the denial of defendants' motion as to the cause of action for intentional infliction of emotional distress and granting defendants' motion as to this cause of action, and otherwise affirmed, without costs or disbursements.

A cause of action for intentional infliction of emotional distress must allege "extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society" *(Freihofer v Hearst Corp.,* 65 NY2d 135, 143). There can be recovery for this tort only "where severe mental pain or anguish is inflicted through a deliberate and malicious campaign of harassment or intimidation" *(Nader v General Motors Corp.,* 25 NY2d 560, 569).

Defendants' actions here did not constitute the intentional, deliberate and outrageous conduct necessary and we, therefore, modify to dismiss this cause of action.

We have examined the remaining contentions of defendants-appellants and find them to be without merit. Concur—Sullivan, J. P., Asch and Kassal, JJ.

Milonas and Rosenberger, JJ., dissent in a memorandum by Rosenberger, J., as follows: I dissent and would affirm the order denying defendants' motion for summary judgment as to each of the causes of action appealed from.

Plaintiffs include two rape victims and the boyfriend of one of them. WABC-TV, a television station, planned to produce a special report on rape, involving interviews with rape victims. The plaintiffs were approached to participate in the proposed program. They expressed great concern for their anonymity. They received repeated assurances from defendants that neither their faces nor their voices would be recognizable in television broadcasts. The defendants assured the plaintiffs that they had the techniques and expertise to secure such broadcast anonymity. These techniques were described at length. Based upon these assurances the plaintiffs participated in the videotaping of the program.

On a Saturday night the defendant used a portion of one of the plaintiffs' interviews in advertising for the programs which were to be shown on television the following week. On Monday morning that plaintiff's employer told her that he and his wife had seen the television advertisement and recognized her face and voice. The first of the interviews was shown on television at 6:00 in the evening that Monday. This plaintiff's outline, shape, and facial features were clear enough to identify her to those who knew her. Her voice was "an absolute, instantaneous, positive identification". The plaintiff thereupon was called by people who had seen either the advertisement or the broadcast and recognized her. She was overwrought. She called the defendants to complain. The

defendants assured the plaintiffs that they would be unidentifiable in future broadcasts.

Following these assurances, the next portion of the series containing the subject interviews was shown on defendants' television station on Thursday of that week. The plaintiffs were recognizable to those who knew them and there appeared to be no attempt to disguise their voices. At one point during the broadcast the face of one of the plaintiffs was entirely visible. The plaintiffs, one of whom had never told her family of the rape, described the many comments from people who had recognized them on television and detailed the great distress which this had caused.

The majority accurately describe the requirements for an action for intentional infliction of emotional distress. Where, as here, there is actual notice to the defendants of the potential for such emotional distress, and the defendants are entirely capable of preventing it, their going forward with the broadcast without taking further steps to disguise plaintiffs and thus prevent the emotional distress at least raises questions of fact as to whether their actions were so extreme and outrageous as to be regarded as intolerable. The denial of summary judgment was proper and the case should proceed to trial.