■ ANNE D. OWEN, Respondent, v FRANCES LEVENTRITT, Appellant, et al., Defendants.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered January 8, 1990, which, *inter alia,* denied defendant Leventritt's motion to dismiss the fifth cause of action, unanimously modified, on the law, defendant's motion is granted and the fifth cause of action is dismissed as against defendant Leventritt and, as so modified, the order is otherwise affirmed, without costs.

This is an action apparently arising from a long-standing dispute between neighbors in an Eastside cooperative building regarding plaintiff's terrace gardens.

The fifth cause of action, as limited by the IAS court is based upon statements allegedly made by defendant Leventritt at a public meeting of the cooperative's shareholders that, if the court refused to dismiss plaintiff's lawsuit against

her, she would have no alternative but to kill her. However, these statements, which were later reported to the then pregnant plaintiff who was not present at the meeting, were insufficient to support a cause of action for intentional infliction of emotional distress, liability for which is predicated "on the basis of extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society". *(Freihofer v Hearst Corp.,* 65 NY2d 135, 143.)

A person may recover "only 'where severe mental pain or anguish is inflicted through a deliberate and malicious campaign of harassment or intimidation' *(Nader v General Motors Corp.,* 25 NY2d 560, 569)." *(Doe v American Broadcasting Cos.,* 152 AD2d 482, 483.) Not only is there no allegation or evidence of such a campaign, the statements were not made directly to plaintiff, but were made in a public meeting during discussions of then pending litigation. *(See, Smukler v 12 Lofts Realty,* 156 AD2d 161, 163; *Martin v Citibank,* 762 F2d 212, 220.) Mere threats, annoyance or other petty oppressions, no matter how upsetting, are insufficient to constitute the tort of intentional infliction of emotional distress. *(Roth v El Al Israel Airlines,* 709 F Supp 487, 490-491, quoting *James v Saltsman,* 99 AD2d 797, 798.) Concur—Carro, J. P., Milonas, Rosenberger and Kupferman, JJ.