[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT CHERYL GRAY'S MAY 30, 1996 MOTION TOSTRIKE THE FIRST AND SECOND COUNTS OF PLAINTIFF'S COMPLAINT
Pursuant to Practice Book Section 152 et seq., defendant Cheryl Gray ("Gray") has moved the Court to strike Count One and Count Two of the plaintiffs' March 1, 1995 complaint. Defendant Gray argues that these counts are factually insufficient to state a claim. The Court disagrees and for the reasons stated below denies the motion to strike as to both counts.
Factual Background
Count One of the complaint alleges, in substance, that during all relevant time periods plaintiff WVIT, Inc. was a Delaware corporation doing business as Channel 30 WVIT Television, located at 1422 New Britain Avenue in West Hartford; that plaintiff Steven Schwaid ("Schwaid") was News Director for WVIT; and that Schwaid was employed at the West Hartford location. The complaint further alleges that from February 18, 1988 through September 30, 1992 Gray was employed as a news reporter for WVIT and worked at WVIT's West Hartford location. The first count alleges, in Paragraph 7, that "Beginning on or about May, 1992 and continuing at various times throughout the course of her employment and subsequent to the termination of her employment, Gray surreptitiously tape recorded numerous oral private communications between herself and Schwaid and employees of WVIT." The first count alleges further that the telephone communications involved and were related to the business activities of the plaintiffs and that the alleged surreptitious recording was undertaken by Gray without the consent or knowledge of Schwaid or other agents or employees of WVIT. Gray's actions, it is alleged, violated General Statutes Section 52-570d[1], and violated plaintiffs' right to privacy in their telephonic communications.
Count Two realleges many of the allegations in Count One. Count Two further alleges in paragraph 17 that Gray on various occasions surreptitiously tape recorded numerous meetings and face-to-face communications between herself and Schwaid and between herself and other agents and employees of WVIT; that the meetings and face-to-face communications were related to CT Page 8325 plaintiffs' business activities; and that the alleged surreptitious recording was done without the prior knowledge or consent of Schwaid or the other agents and employees of WVIT. The conduct, plaintiffs allege, constituted an unreasonable intrusion into the plaintiffs' seclusion in that it violated "plaintiff's right to keep private conversations safe from unauthorized listeners . . ."
Legal Discussion
Gray argues that Count One should be stricken because Section52-570d applies only to conduct occurring in the State of Connecticut and because the complaint fails to explicitly allege that Gray recorded the conversations while she was in Connecticut. Gray's argument takes an unduly narrow view both of Connecticut's pleading requirements and the allegations in the complaint.
When ruling on a motion to strike, all well-pleaded facts must be deemed admitted, the complaint must be given a practical reading, and the allegations must be construed in a manner most favorable to the plaintiff. See, e.g., Westport Bank Trust v.Corcoran, Mallin Aresco, 221 Conn. 490, 495 (1992);D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 208 (1987).
The inquiry focuses on whether a plaintiff's allegations, if proved, would state a basis for a claim. As plaintiffs note in their June 19, 1996 memorandum, at page 8, the plaintiffs have alleged:
 that the defendant was employed as a News Reporter for WVIT, and worked at WVIT's West Hartford, Connecticut location, from February 18, 1988 through September 30, 1992. Complaint, Count One, ¶ 6. The plaintiffs have further alleged that at all times relevant to this complaint, the defendant was a Connecticut resident. Id. ¶ 5. Moreover, the plaintiffs have alleged that at all times relevant to this complaint, Schwaid was WVIT's News Director at its West Hartford, Connecticut location, and a Connecticut resident. Id. ¶¶ 2-3. Finally, the CT Page 8326 plaintiffs have alleged that beginning on or about May, 1992 and continuing at various times throughout the course of her employment, and subsequent to the termination of her employment, the defendant surreptitiously tape recorded numerous oral private telephonic communication between herself and Schwaid, and between herself and other agents and employees of WVIT Id. ¶ 7.
Viewing these allegations as true and construing them and the inferences reasonably drawn from them in favor of , plaintiffs, plaintiffs have sufficiently alleged that the conduct complained of occurred in Connecticut. Indeed, the complaint makes no mention of any conduct occurring anywhere else but Connecticut. "A formalistic or highly technical construction of pleadings is contrary to a proper view of pleading requirements." Leabo v.Leninski, 2 Conn. App. 715, 720 (1984). See also Normand JosefEnterprises, Inc. v. Connecticut National Bank, 230 Conn. 486,496 (1994); Practice Book Section 109. The motion to strike Count One is denied.
Gray's argument with respect to Count Two is that it fails to set out a claim of unreasonable intrusion upon the seclusion of WVIT's agents and employees. In order to state such a claim, Gray contends, it must be alleged that one has intentionally intruded physically or otherwise upon the solitude or seclusion of another or their private affairs or concerns, if the intrusion would be "highly offensive to a reasonable person." Mastroberti v. Hall, 1993 W.L. 58277 (Conn.Super. 1983), quoting Restatement 2d of Torts, Section 652b (1977). In Count Two, Gray argues, the meetings and face-to-face communications involved were related to the business activities of the plaintiffs, not the private affairs or concerns of the plaintiffs. The Court finds this argument unpersuasive.
Connecticut has recognized a cause of action for invasion of privacy. Our courts have adopted the four categories as defined in the Restatement (Second) Torts. See Venturi v. Savitt, Inc.,191 Conn. 588, 591 (1983); Goodrich v. WaterburyRepublican-American, Inc., 188 Conn. 107, 126-128 (1982); Jonap v.Silver, 1 Conn. App. 550, 557 (1984).
The four categories are "(a) unreasonable intrusion upon the CT Page 8327 seclusion of another; (b) appropriation of the other's name or likeness; (c) unreasonable publicity given to the other's private life; or (d) publicity that unreasonably places the other in a false light before the public." Waterbury Republican-American,Inc., supra, at 128; see also Restatement (Second) of Torts Section 652A (1977); Prosser and Keeton on Torts, Section 117 (5th edition).
Restatement (Second) of Torts, Section 652B (1977), itself states that:
 One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person. (Emphasis added.)
As noted in comments a and b to the Restatement (Second) of Torts, Section 652B (1977), a cause of action based on a claim of unreasonable intrusion:
 does not depend upon any publicity given to the person whose interest is invaded or to his affairs. It consists solely of an intentional interference with his interest in solitude or seclusion, either as to his person, or as to his private affairs or concerns, of a kind that would be highly offensive to a reasonable man . . . It may be by some . . . form of investigation or investigation into his private concerns . . . (Emphasis added).
While our appellate courts have not yet delineated the precise contours of an intrusion claim, reported decisions in Connecticut and elsewhere have required that a plaintiff must allege an intrusion that would be highly offensive to a reasonable person. See cases mentioned by Judge Hurley in Poulosv. Pfizer, Inc., Superior Court, judicial district of New London, Docket No. 520719 (June 24, 1992). See also Fields v. Kichar, Superior Court, judicial district of Tolland at Rockville, Docket No. CV 94 54868S (May 2, 1995) (motion to strike intrusion claim CT Page 8328 denied in case involving alleged sexual assaults); MashantucketPequot Tribe v. State, Superior Court, judicial district of New London at Norwich, Docket No. 101113 (August 19, 1994) (motion for summary judgment denied in intrusion case involving disclosure of employees' correspondence and telephone numbers).
The legal issue as to Count Two may thus be broadly stated as follows: Does Count Two allege an intrusion upon a privacy interest as to someone's person that would be highly offensive to a reasonable individual? I conclude that the answer is yes.
Notwithstanding Gray's argument to the contrary, it is neither the content of the speech involved nor the location of the encounter which makes Gray's alleged conduct highly offensive to a reasonable person given the facts of this case as pleaded. The conduct alleged would be highly offensive no matter where it occurred and no matter what it related to. It is the fact of surreptitiously monitoring a fellow employee in and of itself that constitutes the intrusion on that employee's privacy under the circumstances of this case. The intrusion here is on the "person" of the employee, irrespective of content. See Nader v.General Motors Corp., 307 N.Y.S.2d 647, 653 (N.Y. Court of Appeals 1970). ("In order to sustain a cause of action for invasion of privacy, therefore, the plaintiff must show that the appellant's conduct was truly `intrusive' and that it was designed to elicit information which would not be available through normal inquiry or observation.") See also Pearson v.Dodd, 410 F.2d 701, 704 (C.A.P.C. 1969) (intrusion cause of action extends "into spheres from which an ordinary man in a plaintiff's position could reasonably expect that the particular defendant should be excluded.") It is important to note that the alleged intrusion in this case was not undertaken at the instance of the employer. Whether an employee whose conversations had been monitored by a fellow employee at the urging of their employer would have a cause of action under the circumstances presented here is not the issue for decision.
Even in the work environment, an employee retains some zone of personal privacy, particularly vis-a-vis conduct of fellow employees motivated by the fellow employee's personal concerns. See David Neil King, "Privacy Issues in the Private-Sector Workplace: Protection From Electronic Surveillance and the Emerging `Privacy Gap,'" Southern California Law Review, Volume 67, Jan. 1994, pgs. 441-474. It may be a practical reality that employees have little reasonable right to expect that CT Page 8329 business-related discussions with fellow employees will remain protected from disclosure to their employer. But employees do have a reasonable expectation that discussions will not be secretly recorded by fellow employees with whom they are chatting.[2]
In summary, I conclude that a complaint alleging that an employee has for personal reasons recorded conversations of a fellow employee under the circumstances of this case states a cause of action for unreasonable intrusion on the privacy of another by intruding on their "person." Such actions are an affront to the average person's sense of dignity and are "highly offensive" to a reasonable person by transgressing boundaries that deserve to be respected.
Summary and Conclusion
For the reasons stated above, the motion to strike is denied.
Douglas S. Lavine Judge, Superior Court