ISSUE
Should the defendant's motion to strike the second, third and fifth counts of the plaintiff's complaint be granted?
FACTS
On November 7, 1991, the plaintiff, Thomas Poulos, filed a seven-count complaint against his former employer, Pfizer, Inc. (hereinafter the "defendant") and Pharmchem Laboratories, Inc. (hereinafter "Pharmchem"). Plaintiff is seeking to recover damages for wrongful discharge, breach of the covenant of good faith and fair dealing, invasion of privacy, defamation and intentional infliction of emotional distress.
The plaintiff's complaint alleges the following facts: in the course of his employment with the defendant, the plaintiff, on December 26, 1990, was forced to submit a urine sample to the defendant for drug testing. The urine sample was given involuntarily and under the threat of termination. On January 2, 1991, Pharmchem conducted a drug test on the urine sample, which indicated the presence of an illegal drug.
Under the continued threat of termination, the defendant forced the plaintiff to enter an employee assistance program and to undergo several random drug tests. On February 13, 1991, defendant had the plaintiff submit a urine sample to be tested for drugs. On February 19, 1991, Pharmchem conducted a urinalysis drug test on the sample, producing a positive result for illegal substances. On March 1, 1991, defendant terminated the plaintiff's employment on the basis of the February 19 test results. CT Page 5457
DISCUSSION
The function of the motion to strike is to allow a party to contest the legal sufficiency of a pleading. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). In analyzing a motion to strike, the court is limited to the facts alleged in the complaint. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). The court must construe the facts in the complaint most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 540 A.2d 1185 (1988). If the court finds that the facts alleged in the pleading would support a cause of action, the motion to strike must be denied. Ferryman v. Groton, supra, 142.
I. The Second and Third Counts
The second count of the plaintiff's complaint sets out a claim for wrongful discharge, while the third count pleads a breach of the covenant of good faith and fair dealing. Both counts of the complaint allege that the defendant violated Connecticut's public policy concerning drug testing as articulated in General Statutes Section 31-51t et seq. Defendant is moving to strike the second and third counts of the complaints on the basis that they do not plead legally sufficient causes of action because the plaintiff has a statutory remedy. In opposing the motion, plaintiff argues that the disputed counts put forth valid causes of action.
The restrictions and requirements in bringing a claim based upon the breach of the covenant of good faith and fair dealing are the same as those used in a wrongful discharge cause of action. Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 572,479 A.2d 781 (1984); Battista v. United Illuminating Company,10 Conn. App. 486, 495, 523 A.2d 1356 (1987). The discussion and application of the law will be the same as to the causes of action grounded in wrongful discharge and the breach of the covenant of good faith and fair dealing. Therefore, the second and third counts of the plaintiff's complaint will be dealt with together.
When parties fail to agree upon specific terms of employment, an at-will employment contract is created, in which the covenant of good faith and fair dealing is implied. Morris v. Hartford Courant Co., 200 Conn. 676, 677-679, 513 A.2d 616 (1986); Magnan v. Anaconda Industries, Inc., supra, 568-569; Battista v. United illuminating Company, supra. A cause of action in tort for wrongful discharge or in contract for the breach of the covenant of good faith and fair dealing exists "where the discharge contravenes a clear mandate of public policy." Magnan v. Anaconda Industries, Inc., supra, 565; see also Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 474-475, 427 A.2d 385 (1980). This has been interpreted to mean that these two causes of action exist CT Page 5458 only when a discharge violates public policy and the employee is otherwise without a remedy. Atkins v. Bridgeport Hydraulic Company, 5 Conn. App. 643, 648, 501 A.2d 1223 (1985); Wysochi v. Norden Systems, Inc., 5 CSCR 915 November 19, 1990 (Fuller, J.); Brotherton v. Burndy Corporation,5 CSCR 882, 883 September 24, 1990 (Fuller, J.) Reed v. Ritz Camera and Video Center, 4 CSCR 862 November 9, 1989 (Thompson J.).
 A finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated.
Atkins v. Bridgeport Hydraulic Company, supra (quoting Wehr v. Burroughs Corporation, 438 F. Sup. 1054 (E.D. Pa. 1977)).
Under General Statutes Section 31-51z, whenever an employer, laboratory or medical facility violates statutory provisions concerning drug testing (General Statutes Section 31-51t to Section31-51aa inclusive), an aggrieved person may bring a civil action to recover damages and/or seek injunctive relief. The court finds that a claim for wrongful discharge or the breach of the covenant of good faith and fair dealing exists only when there has been a violation of public policy and the absence of a remedy. General Statutes Section 31-51z provides remedies for unlawful drug testing. In fact the plaintiff, in the first count of the complaint, is seeking damages and reinstatement under General Statutes Section 31-51z. Because the plaintiff has a statutory remedy, he cannot plead legally sufficient causes of action sounding in wrongful discharge or breach of the covenant of good faith and fair dealing. Accordingly, the defendant's motion to strike the second and third count of the plaintiff's complaint is hereby granted.
II. The Fifth Count
In the fifth count of the complaint, plaintiff alleges that the Labor defendant acted in such a way as to intrude upon the seclusion of the plaintiff, resulting in an invasion of privacy. Defendant is moving to strike this count claiming that any intrusion was not highly offensive to a reasonable person. Therefore, the defendant contends that the plaintiff has not alleged a sufficient invasion of privacy claim. In opposition, plaintiff argues that the drug tests were an intrusion upon his seclusion and that a reasonable person would find the defendant's conduct highly offensive. CT Page 5459
Connecticut courts have recognized a cause of action for invasion of privacy and have adopted the four categories as defined in the Restatement (Second) Torts. See Venturi v. Savitt Inc.,191 Conn. 588, 591, 468 A.2d 933 (1983); Goodrich v. Waterbury Republican-American, Inc., 188 Conn. 107, 126-128,488 A.2d 1317 (1982); Jonap v. Silver, 1 Conn. App. 550, 557,474 A.2d 800 (1984).
The four categories of invasion of privacy are: "(a) unreasonable intrusion upon the seclusion of another; (b) appropriation of the other's name or likeness; (c) unreasonable publicity given to the other's private life; or (d) publicity that unreasonably places the other in a false light before the public." Republican-American, Inc., supra, 128; see also Restatement (Second) of Torts Section 652A (1977); Prosser and Keeton on Torts, Section 117 (5th ed.).
While the unreasonable intrusion cause of action has not been litigated in Connecticut, other jurisdictions have required that a plaintiff must demonstrate an invasion upon a privacy interest that is highly offensive to a reasonable person. O'Brien v. Papa Gino's of America, Inc., 780 F.2d 1067, 1072 (1st Cir. 1986) (wrongful discharge due to polygraph exam); Fowler v. Southern Bell Telephone Telegraph Company, 343 F.2d 150, 155-56
(5th Cir. 1965) (wiretapping); Neff v. Time, Inc., 406 F. Sup. 858,860-61 (W.D. Penn. 1976) (photograph taken at public event); Harmes v. Miami Daily News, Inc., 170 So.2d 715, 717
(Fla.Dist.Ct.App. 1961) (phone call); Hamberger v. Eastman,206 A.2d 239, 241-42 (N.H. 1964) (wiretapping); Nadar v. General Motors Corporation, 25 N.Y.2d 560, 307 N.Y.S.2d 647,652-53 (N.Y. 1970) (intrusive investigation and wiretapping), Sutherland v. Kroger Company, 110 S.E.2d 716, 723-24 (W.Va. 1959) (inspection of shopping bag); see also Prosser and Keeton on Torts, 854-56 (5th ed.)
 One who intentionally intrudes physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person.
Restatement (Second) of Torts, Section 652B (1977).
 [This] form of invasion of privacy [intrusion upon seclusion]. . . does not depend upon any publicity given to the person whose interest is invaded or to his affairs. It consists solely of an international interference with his interest in solitude or seclusion, either as to his person, or as to his private affairs or concerns, of a kind that would be highly offensive to a reasonable man. CT Page 5460
Id., comment a.
Therefore, for the plaintiff to plead a legally sufficient cause of action, the complaint must allege facts demonstrating an intrusion upon a privacy interest that is highly offensive to a reasonable person. The United States Supreme Court, in allowing the drug testing of certain government employees and upholding government regulations mandating the testing of employees in specific industries, has stated, "it is clear that the collection and testing of urine intrudes upon expectations of privacy that society has long recognized as reasonable. . . ." Skinner v. Railway Labor Executives Association, 489 U.S. 602, 109 S.Ct 1402,1413 (1989) (Regulations requiring drug and alcohol testing of certain railway employees following accidents); National Treasury Employees Union v. Von Raab, 489 U.S. 656,109 S.Ct. 1384,1390 (1989) (urinalysis testing of certain customs personnel); see also McClosky v. Honolulu Police Department, 799 P.2d 953,958 (Hawaii 1990) (drug testing of police officers); Annapolis v. United Food and Commercial Workers, Local 400,317 Md. 544, 565 A.2d 672, 676-77 (Md. 1989) (drug testing of police officers and firefighters); Caldwell v. New Jersey Department of Corrections, 250 N.J. Super. 592, 595 A.2d 1118, 1126
(N.J.Super. A.D. 1991) (drug testing of corrections officers).
In the private sector, it is also been found that the collection and testing of urine intrudes upon employees' privacy interests. Luck v. Southern Pacific Transportation Company, 218 Cal.App. 301,267 Cal.Rptr. 618, 627 (Cal.App. 1 Dist. 1990) (company testing of railroad employees); Wilkinson v. Times Mirror Corporation, 215 Cal.App.3d 1034, 264 Cal Rptr. 194
(Cal.App. 1 Dist. 1989) (testing of prospective employees by publishing company); Twigg v. Hercules Corporation, 406 S.E.2d 52,55 (W.Va. 1990) (employee drug testing by fuel manufacturer); Employment Security Commission of Wyoming v. Western Gas Processors, Ltd., 786 P.2d 866 (Wyo. 1990) (testing of employees by gas company).
When courts have recognized a cause of action for intrusion upon seclusion, they have held that there is no intrusion if the plaintiff voluntarily gives a urine sample for the purpose of testing. Luedtke v. Nabors Alaska Drilling, Inc., 768 P.2d 1123,1137-1138 (Alaska 1989) (urine sample given as part of company physical); Baggs v. Eagle Picher Industries, Inc., 750 F. Sup. 264,272-73 (W.D. Mich. 1990) (workers notified of urinalysis test as part of a drug free workplace policy).
Connecticut has restricted the use of drug tests by employers to situations where there is reasonable suspicion of drug or alcohol use and only if such use adversely affects or could adversely affect job performances. General Statutes Section 31-51x(a).The CT Page 5461 legislature has also recognized the privacy interests of the employee by prohibiting observation of the production of a urine sample and restricting the use of the results of a urinalysis test. General Statutes Section 31-51w.
While these issues have not been confronted in the Connecticut courts, the legislature, in passing the drug testing statutes, has acknowledged the trend at the federal and state levels recognizing the privacy interests of employees. An employer who forces an employee to undergo drug testing may be intruding upon the seclusion of the employee's person or private affairs. The plaintiff's complaint successfully alleges facts to support his claim that the defendant intruded upon his seclusion.
To fulfill the second requirement of this cause of action, the plaintiff must state facts which demonstrate that the defendant has engaged in conduct that is highly offensive to a reasonable person. The plaintiff's complaint alleges that the defendant, without reasonable suspicion, threatened, coerced and forced the plaintiff to submit urine samples for drug testing. While such issues will ultimately have to be decided by the trier of fact, it is plausible that those facts may constitute conduct considered highly offensive to a reasonable person.
Accordingly, the plaintiff has pleaded a legally sufficient claim of invasion of privacy and the defendant's motion to strike the fifth count of the plaintiff's complaint is hereby denied.
CONCLUSION
The plaintiff has a statutory remedy and cannot seek relief for wrongful discharge or for the breach of the covenant of good faith and fair dealing. Also, the plaintiff has pleaded sufficient facts to maintain an invasion of privacy cause of action. For the foregoing reasons, the defendant's motion to strike is granted as to the second and third counts and denied as to the fifth count of the plaintiff's complaint.