[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR ARTICULATION
The Court granted the defendant, Raymond V. Hall's motion to strike on December 28, 1992 and now articulates as follows pursuant to the plaintiff's motion for articulation dated January 5, 1993 and filed January 6, 1993.
On December 18, 1991, the plaintiff, Howard Mastroberti filed a two count complaint against the defendant, Raymond V. Hall. The first count alleges that the defendant acted in such a way as to intrude upon the seclusion of the plaintiff. The second count alleges intentional infliction of emotional distress.
On June 16, 1992, the plaintiff filed a revised complaint pursuant to defendant's request to revise. This revised complaint was also in two counts. The first count alleged invasion of privacy and the second count alleged intentional infliction of emotional distress. The defendant on October 7, 1992 moved to strike the revised complaint. That motion was granted on November 10, 1992 by the court, Pickett, J.
On November 23, 1992, the plaintiff filed a second revised complaint which contained two counts, the first for invasion of privacy, the second count for intentional infliction of emotional distress. The plaintiff alleges that the defendant has trespassed on the business properties of the plaintiff, specifically in those portions of the business property where the public is not allowed and has photographed from the trespassed area properties of the plaintiff; that the defendant made inquiries to the plaintiff; that the plaintiff CT Page 1847 had in his possession an illegally and improperly obtained statement of the plaintiff's finances. The plaintiff further alleges that this conduct was an embarrassment to plaintiff and humiliated the plaintiff and these activities were intentional and offensive.
In the second count, the plaintiff lists in a paragraph the elements for intentional infliction of emotional distress. On December 7, 1992 the defendant filed a motion to strike the plaintiff's second revised complaint and attached thereto a memorandum of law. On December 24, 1992 the plaintiff filed a memorandum in opposition to the motion to strike.
A motion to strike challenges the legal sufficiency of the allegations of any complaint, or of any one or more counts hereof, to state a claim upon which relief can be granted. Practice Book 152(1). A motion to strike admits all facts well pleaded. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
In ruling upon a motion to strike, the trial court may consider only those grounds raised in the motion. Blancato v. Feldspar, 203 Conn. 34,44, 522 A.2d 1235 (1987). The court is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). The court must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman v. Groton, supra, 146.
In the first count of the second revised complaint, the plaintiff alleges that the defendant acted in such a way to intrude upon the seclusion of the plaintiff, resulting in an invasion of privacy. Essentially, the defendant contends that the first count of the second revised complaint is legally insufficient because the plaintiff fails to explain how the defendant's alleged activities were "highly offensive."
The existence of a cause of action for invasion of privacy was officially recognized by the Connecticut Supreme Court in Goodrich v. Waterbury Republican-American, Inc., 188 Conn. 107, 127,488 A.2d 1317 (1982). In recognizing this cause of action, the supreme court adopted the definition and categories of invasion of privacy as set forth in 3 Restatement (Second), Torts 652A: (a) unreasonable intrusion upon the seclusion of another; (b) appropriation of the other's name or likeness; (c) unreasonable publicity given to CT Page 1848 the other's private life; or (d) publicity that places the other in a false light before the public. Goodrich v. Waterbury Republican-American, Inc., supra, 128.
The issue of what constitutes a cause of action for unreasonable intrusion has not yet been decided by the appellate courts. One Connecticut Superior Court, see e.g. Poulos v. Pfizer Inc., and Pharmchem Lab. Inc., 7 CSCR 799 (July 13, 1992, Hurley, J.), and other jurisdictions have required that a plaintiff must demonstrate an invasion upon a privacy interest that is highly offensive to a reasonable person. O'Brien v. Papa Gino's of America, Inc., 780 F.2d 1067,1072 (1st Cir. 1986) (wrongful discharge due to polygraph exam); Fowler v. Southern Bell Telephone Telegraph Company, 343 F.2d 150,155-56 (5th Cir. 1965) (wiretapping); Hamberger v. Eastman,206 A.2d 239, 241-42 (N.H. 1964) (wiretapping); Nadar v. General Motors Corp., 25 N.Y.2d 560, 307 N.Y.S.2d 647, 652-53 (1970) (wiretapping and intrusive investigation). "One who intentionally intrudes physically or otherwise upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person. Restatement (Second) of Torts, Section 652B (1977).
Therefore, for the plaintiff to plead a legally sufficient cause of action, the complaint must allege facts demonstrating an intrusion upon a privacy interest that is highly offensive to a reasonable person. The plaintiff failed to allege activity that is highly offensive to a reasonable person. Specifically, the plaintiff alleges that the "activity of the defendant as mentioned herein is an embarrassment to the plaintiff, humiliates him and is an invasion of the plaintiff's business privacy and personal privacy and is an intrusion upon the plaintiff's seclusion and/or private affairs and [that these] activities are intentional and offensive." The plaintiff has not alleged activity that is highly offensive to a reasonable person. Therefore, the plaintiff has not alleged facts that the defendant's intrusion upon the plaintiff is highly offensive.
In the second count of the second revised complaint, the plaintiff lists the elements for a cause of action for intentional infliction of emotional distress. Thus, the plaintiff has failed to allege facts to support the claim of intentional infliction of emotional distress. The plaintiff has only alleged the cause of action for intentional infliction of emotional distress in conclusory terms. A motion to strike does not admit legal conclusions. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). CT Page 1849
Accordingly, the defendant's motion to strike the plaintiff's complaint is granted.
PICKETT, J.