[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTIONS TO ACCEPTANCE OF REPORT OF ATTORNEY TRIAL REFEREE
The plaintiff, Christopher Barricko instituted the present action against his former employer, the defendant Griffin Hospital and the defendant Mary Gondola, an employee of the hospital, seeking monetary damages for: (1) violations of general statutes31-290(a) in that the employer engaged in acts of retaliation because the plaintiff filed a worker's compensation claim; (2) slander; (3) invasion of a right to privacy; and 4) an extreme and egregious conduct involving unreasonable risk of emotional distress and resulting in his constructive discharge.
The case was referred to an Attorney Trial Referee (ATR) who heard evidence on 13 separate days and filed his report in November of 1993.
The ATR found for the plaintiff on the invasion of privacy and slander claims and found that the defendant Griffin Hospital was not guilty of violating 31-290a and had legitimate complaints regarding the plaintiff's job performance. The ATR also found that any emotional distress suffered by the plaintiff was a result of other factors for which the defendant could not be liable and that the plaintiff was not constructively discharged but rather left the employment of his own accord for whatever reason. The plaintiff did not file a motion to correct the report but has filed objections to the acceptance of the report asserting that as a matter of law the ATR should have found that there was a retaliatory discharge. The defendant filed motions to correct the report, which were denied by the ATR and has also filed objections to the acceptance of the report. The Motion to Correct and Objections filed by the defendant relate to the following paragraphs of the report of the ATR:
 "9. On or about October 25, 1991, defendant, Mary Gondola, acting in said supervisory capacity, and in the furtherance and benefit of her employer, did invade the plaintiff's right of privacy by entering the men's room which was being utilized by the plaintiff to spot-check on him.
10. No other invasion of privacy was found.
 11. For said invasion the plaintiff was awarded damages of $500.00 jointly and severally against both defendants.
 12. The plaintiff was accused in the presence of others, by Rick Hines, a working leader at Griffin Hospital, and Mary Gondola, both agents of the Hospital, of faking his back CT Page 4217 injury in his claim for benefits under the Connecticut Worker's Compensation Act, which was not so.
 13. This was charging the plaintiff with a commission of a crime involving moral turpitude and hence amounted to slander per se.
 14. The crime charged with is a felony, Section 31-290c of the Connecticut General Statutes.
 15. The award for damages to the plaintiff for the slander per se against both defendants jointly and severally is $2000.00."
The defendant moved to correct the finding by striking out paragraphs 9, 11, 12, 13, 14 and 15.
The defendant moved to correct paragraphs 9 and 11 (invasion of privacy) on the grounds: (1) that the incident alleged never occurred as per the testimony of the defendant Gondola; (2) that the plaintiff's testimony was inconsistent and contradictory; (3) that the intrusion must be unreasonable which did not exist in the present case in as much as the defendant Gondola cleaned the men's room every day and if the plaintiff wanted privacy he only had to close the door which he did not do. The defendant likewise makes the same claims with respect to its objections to the acceptance of the report.
A cause of action for invasion of a right to privacy has been recognized in Connecticut. Venturi v. Savitt, Inc. 191 Conn. 588,591 (1983); Goodrich v. Waterbury Republican-American, Inc.,188 Conn. 107, 127 (1982). Superior Court cases have held that the intrusion must be highly offensive to a reasonable person. Mastroberti v. Hall (Connecticut Superior Court, Pickett, J. 1993); Poulos v. Pfizer, Inc., 7 CSCR 799 (May 13, 1992, Hurley, J.).
A review of the transcript submitted to the Court indicates that there was evidence that the plaintiff and the defendant Gondola were having a discussion when she told him "Don't go until break".
At this time the parties were in the Central Processing Department and that the plaintiff then went to the men's room approximately 30 feet away. When he got to the men's room he proceeded to use the facilities when the plaintiff didn't hear the door slam shut he turned around and defendant Gondola was standing CT Page 4218 there looking up through the door and there was nothing to block her view from seeing him using the facilities. She was there for approximately a minute and when he finished using the facilities she was still there. There was also evidence that defendant Gondola was stretching around the door peering at the plaintiff while he was going to the bathroom and that she had a note pad in her hand.
It is not the court's function to determine whether the event described did or did not occur. The evidence submitted to the ATR is sufficient so that the report and the respects indicated need not be corrected. The court views the incidents, viewed most favorably to the plaintiff, as establishing an intrusion which would be highly offensive to a reasonable person and therefore the claims of the defendants do not constitute a valid objection to the acceptance of the report. See General Statutes 31-51w. ("No employer . . . engaged in a urinalysis testing program shall directly observe an employee . . . in the process of producing the urine specimen.)"
The defendant also attacks findings 12, 13, 14 and 15 (slander) on the grounds that: (1) as to Mr. Hines, the evidence indicates that the statements were never made and that Mr. Hines was not included in the complaint as an individual who has claimed to have made slanderous statements; (2) as to the defendant Gondola, there is no evidence that the statements were made in the presence of others and therefore there can be no publication; and (3) as to both Mr. Hines and the defendant Gondola, the statements are such as not to involve moral turpitude and therefore cannot constitute slander per se.
As to Mr. Hines, there is no claim made in the complaint that any statements made by Mr. Hines would be relied upon as a basis for a claim of slander. The defendant is entitled to appropriate notice as to the claims to be made against it and there is no indication that there was any amendment or other rulings so as to allow any statements by Mr. Hines to constitute a basis for an award against the defendant. As to the defendant Gondola, a review of the transcript fails to reveal any indication that the statements were made in the presence of others and therefore there has been no publication of the statements claimed to have been made by the defendant Gondola and therefore there can be no slander. See Restatement of Torts, Section 577.
The plaintiff did not attack the findings of the ATR by a motion to correct but asserts that the finding itself requires a CT Page 4219 judgment in his favor. A review of the finding by the ATR indicates that the issues of retaliatory action, constructive discharge and emotional distress were found adverse to the plaintiff and accordingly the court is not empowered to change the factual findings.
The defendants also claim that they were entitled to judgment on the counts alleged in the complaint that the ATR decided in favor of the defendants. Accordingly, the court accepts the report with judgment for the plaintiff on the third count (invasion of privacy) and judgment may enter in favor of the defendant on the first, second and fourth counts.
RUSH, J.