[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff in the present case is Thomas Flowers; the defendants are New Britain General Hospital and two nurses employed thereby, Beth Fraychak and Mary Byrd. The present case stems from the search and inventory of the clothing of the plaintiff while he was an in-patient at the defendant hospital. As a result of the search, a controlled substance was found, the police were notified, and the plaintiff was arrested for possession of the contraband.
In count one of the amended complaint, dated March 30, 1992, the plaintiff alleges invasion of privacy against defendants Fraychak and Byrd, whom the plaintiff alleges conducted the search and inventory; in count two, the plaintiff alleges invasion of privacy against the defendant hospital. In the third count of the amended complaint, the plaintiff alleges that the defendant hospital breached an CT Page 6596 implied warranty that "it would take no gratuitous actions that might cause Plaintiff harm, emotional distress, or expense but would limit itself to efforts to heal and help the Plaintiff." (Amended Complaint, count 3, para. 2). In the third count, the plaintiff claims further that this alleged breach subjected the plaintiff to "emotional distress, prosecution, and to the embarrassment, exposure to punishment, and expense incidental thereto." (Amended Complaint, count 3, para. 8).
On September 28, 1992, the pleadings were closed. On March 18, 1994, the defendants filed a "motion for permission to file a motion for summary judgment." This motion was granted by the court, Langenbach, J., on March 22, 1994, provided that oral argument on the motion for summary judgment occur by June 30, 1994. The defendants filed a motion for summary judgment, dated March 16, 1994, along with a supporting memorandum of law and several exhibits. On April 11, 1994, the plaintiff filed a memorandum of law in opposition to the motion for summary judgment. Oral argument was heard on this motion on April 11, 1994.
Summary judgment is "designed to eliminate delay and expense incident to a trial when there is no real issue to be tried." (Citations omitted, internal quotation marks omitted.)Dowling v. Kielak, 160 Conn. 14, 16, 273 A.2d 716 (1970). It is a proper resolution to litigation where "`the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Strada v.Connecticut Newspapers, Inc., 193 Conn. 313, 316-17,477 A.2d 1005 (1984), quoting Practice Book § 384. The function of the trial court in applying the summary judgment standard is to determine whether an issue of fact exists, but not to decide that issue if it does exist. See Michaud v. Gurney, 168 Conn. 431,433, 362 A.2d 857 (1975).
The burden of proof is upon the moving party to show the nonexistence of any genuine issue of material fact. SeeConnecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781, 595 A.2d 334 (1991). "To satisfy this burden, the moving party must offer `such documents as may be appropriate, including but not limited to affidavits written admissions and the like.'" Bassins v. City ofStamford, 26 Conn. App. 534, 537, 602 A.2d 1044 (1992), CT Page 6597 quoting Practice Book § 380. Moreover, "the trial court must view the evidence in the light most favorable to the nonmoving party"; Strada v. Connecticut Newspapers, Inc., supra, 317; and summary judgment is proper only in limited instances where the evidence is such that no room for disbelief could exist in the minds of the jury. Yanow v. Teal Industries, Inc.,178 Conn. 262, 268-69, 422 A.2d 311 (1979).
I. Counts Two and Three — Invasion of Privacy
The existence of an invasion of privacy action was first recognized in Connecticut in Goodrich v. Waterbury Republican American,Inc., 188 Conn. 107, 448 A.2d 1317 (1982). InGoodrich, the Connecticut Supreme Court noted that the law of privacy developed not as a single tort, but as a complex of "four distinct kinds of invasion of four different interests of the plaintiff, which are tied together by the common name, but otherwise have almost nothing in common except that each represents an interference with the right of the plaintiff `to be let alone.'" Id., 127-28, citing W. Prosser, Torts (4th Ed. 1971) § 117, p. 804. The four different categories of invasion of privacy are as follows: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of the other's name or likeness; (3) unreasonable publicity given to the other's private life; and (4) publicity that places the other in a false light before the public. See Goodrich v.Waterbury Republican-American, Inc., supra; Venturi v.Savitt, Inc., 191 Conn. 588, 591, 468 A.2d 933 (1983). The only area of invasion of privacy under which the plaintiff could possibly seek recovery is unreasonable intrusion upon the seclusion of another.
The issue of what constitutes a cause of action for unreasonable intrusion has not yet been decided by the Connecticut appellate courts. Several Connecticut Superior Court cases, however, have required that a plaintiff demonstrate an invasion upon a privacy interest that is highly offensive to a reasonable person. See Mastroberti v. Hall,8 CSCR 285, 285-86 (February 18, 1993, Pickett, J.); Poulos v.Pfizer Inc., and Pharmchem Laboratories, Inc., 7 CSCR 799, 800
(July 13, 1992, Hurley, J.). "`One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable CT Page 6598 person.'" Mastroberti v. Hall, supra, quoting Restatement (Second), Torts § 652B (1977); Poulos v. Pfizer Inc., andPharmchem Lab., Inc., supra.
In their memorandum in support of the motion for summary judgment, the defendants argue, inter alia, that summary judgment should enter on the plaintiff's invasion of privacy counts since the defendants' intrusion was not highly offensive to a reasonable person. In support of their motion, the defendants have submitted a number of exhibits, one of which is a copy of the defendant hospital's "conditions of patient admission" document which was signed by the plaintiff. In this document, the plaintiff, among other things, consents to medical treatment, and acknowledges that the hospital will not be liable for lost or damaged personal valuables, nowhere in this document does the plaintiff consent to a search of his clothing. It should be further noted that the defendants have not submitted any affidavits, from hospital personnel or otherwise, regarding the search and inventory policies of the hospital or the incident in question. In opposition to the motion for summary judgment, the plaintiff argues that the absence of the term "highly offensive" in the first two counts of the amended complaint is not properly resolved by a motion for summary judgment, but instead by a motion to strike.
As stated in Poulos v. Pfizer Inc., and PharmchemLaboratories, Inc., supra, "the complaint must allege facts demonstrating an intrusion upon a privacy interest that is highly offensive to a reasonable person." In light of the deference afforded the nonmoving party at the summary judgment stage and viewing evidence in the light most favorable to the plaintiff, a genuine issue of material fact exists as to whether the defendants' conduct was "highly offensive to the reasonable person." Accordingly, the defendants' motion for summary judgment on counts one and two is denied.
II. Count Three — Breach of Warranty
In count three of the amended complaint, the plaintiff alleges that the defendant hospital breached an implied warranty "that it would take no gratuitous actions that might cause plaintiff harm, emotional distress, or expense." The plaintiff fails, however, to offer any statutory or case authority, in Connecticut or otherwise, to support the existence of such a warranty in the hospital/patient context. CT Page 6599 No Connecticut court has recognized such a breach of warranty in this context. "A motion for summary judgment may be used to test the legal sufficiency of the pleadings." Aetna Life Casualty v. Mark, 9 Conn. L. Rptr. 402, 403 (August 16, 1993, Hennessey, J.), citing Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971); see Meyer v. Valley ForgeIns. Co., 3 Conn. L. Rptr. 456 (April 11, 1991, Maicocco, J.).
The defendants' motion for summary judgment as to count three of the plaintiff's complaint is granted.