[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION TO STRIKE)
The defendant moves to strike the third count of the complaint which alleges a claim for "invasion of privacy."
Factual Background
On December 19, 1994, James R. Fields (plaintiff) filed a three-count complaint against McCoy Kichar (defendant) alleging assault and battery, intentional or reckless infliction of emotional distress and invasion of privacy. All of the claims allegedly arise from a series of sexual assaults perpetrated by the defendant upon the plaintiff. On February 7, 1995, the defendant moved to strike the third count of the complaint, i.e., the invasion of privacy claim. In his supporting memorandum of law, CT Page 4624 the defendant argues that since an invasion of privacy claim is based on property rights, the claim can not be brought under General Statutes § 52-577d, which extends the Statute of Limitations for minors seeking recovery for personal injuries
suffered as a result of sexual abuse.[1] The defendant also argues that the invasion of privacy claim is repetitive of Count Two.[2]
On March 2, 1995, the plaintiff filed an objection to the motion to strike. In his opposition memorandum, the plaintiff argues that invasion of privacy is a willful personal injury tort and is thus within the scope of General Statutes § 52-577d.
Issues
"In reviewing the legal sufficiency of the plaintiff's complaint, [the court] assume[s] the truth of the facts alleged and construe[s] them in the light most favorable to sustaining the sufficiency of the complaint." Bouchard v. People's Bank,219 Conn. 465, 467 (1991). A motion to strike "admits all facts well-pleaded; [but] it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.)Mingachos v. CBS Inc., 196 Conn. 91, 108 (1985). [I]f facts provable under the allegations would support a defense or a cause of action, the motion to strike must fail." Ferryman v. City ofGroton, 212 Conn. 138, 142 (1989).
In Goodrich v. Waterbury Republican-American, Inc., 188 Conn. 107
(1982), the Connecticut Supreme Court recognized an invasion of privacy right to action. In doing so, the Court noted that "the law of privacy has not developed as a single tort, but as a complex of four distinct kinds of invasion of four different interests of the plaintiff's, which are tied together by the common name, but otherwise have almost nothing in common except that each represents an interference with the right of the plaintiff `to be let alone'". (Citation omitted.) Id., 127-28. The Court then adopted the invasion of privacy definitions and categories set forth in the Restatement (Second) Torts. Goodrich v. Waterbury Republican-American,Inc., supra, 188 Conn. 128. The four categories can be broken down as follows: "(a) unreasonable intrusion upon the seclusion of another . . . (b) appropriation of the other's name or likeness . . . (c) unreasonable publicity given to the other's private life . . . (d) publicity that unreasonably places the other in false light before the public." 3 Restatement (Second) Torts § 652A (1977). The only category which can be applicable to the present case is an unreasonable intrusion upon the seclusion of another (unreasonable intrusion). An unreasonable intrusion occurs CT Page 4625 when one "intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns [in a manner which is] "highly offensive to a reasonable person." 3 Restatement (Second) Torts § 652B (1977).
The Connecticut Appellate Courts have yet to set forth the necessary elements of an unreasonable intrusion claim. Several superior courts, however, have held that [i]n order to establish a claim for unreasonable intrusion upon the seclusion of another, the plaintiffs must prove an intentional physical intrusion [by the defendant] upon the private affairs or concerns of the plaintiffs which would be highly offensive to a reasonable person",Mashantucket Pequot Tribe v. State, 1994 Ct. Sup. 8327, No. 101113, (August 19, 1994) (Hendel, J.); See also Flowers v. New Britain,9 CSCR 699 (1994) (Hennessey, J.) citing Mastroberti v. Hall, 8 CONN. L. RPTR. 740, 8 CSCR 285, 285-86 (1993) (Pickett, J.); Poulos v.Pfizer Inc., and Pharmchem Laboratories Inc., 6 CONN. L. RPTR. 545,7 CSCR 799, 800 (July 13, 1992) (Hurley, J.). In order for a complaint to withstand a motion to strike, the plaintiff must allege facts demonstrating an intrusion upon a privacy interest that is highly offensive to a reasonable person. Mastroberti v. Hall, supra, see also, Poulos v. Pfizer Inc. and Pharmchem Laboratories Inc., supra, In the present case, the basis for the defendant's motion to strike is that an invasion of privacy claim is analogous to a trespass claim involving property rights. As such, he claims it can not be brought under General Statutes § 52-577d, which only applies to personal injury actions.
All of the Connecticut cases that involve an unreasonable intrusion claim have involved instances where the individual was obtaining information and in doing so invaded the privacy of an individual. See e.g., Flowers v. New Britain, supra, 9 CSCR 699
(obtaining information on drug use by an inventory search of a hospital patient's clothes); Mashantucket Pequot Tribe v. State, supra, 1994 Ct. Sup., 101113 (obtaining information by release of employee personal data); Mastroberti v. Hall, supra, 8 CSCR 285
(taking of photographs on private property); Poulos v. Pfizer Inc.,and Pharmchem Laboratories Inc., supra, 7 CSCR 799 (obtaining information on drug use by mandated employee drug testing). Furthermore, the examples the Restatement (Second) Torts provides as illustrations of the types of violations that constitute an unreasonable intrusion upon seclusion do not include physical assaults. Thus, as interpreted by the Connecticut courts it appears that claims of unreasonable intrusion have been based upon the manner in which an individual obtains information and it is the CT Page 4626 property right in the information that gives rise to an unreasonable intrusion claim.[3]
However, in recognizing the tort, the Court in Goodrich cited with approval, Prosser, Torts (4th Ed. 1971) § 117. In § 117, Prosser notes: "[a]n obviously different form of invasion consists of an unreasonable and highly offensive intrusion upon the seclusion of another. This is said to consist of intentional interference with another's interest in solitude or seclusion, either as to his person or his private affairs. . . ." This statement seems to support a view that an invasion of privacy tort encompasses personal injury actions.
Moreover, no Connecticut cases expressly prohibit a sexual assault action from being brought under an unreasonable intrusion theory. As noted earlier, the Connecticut courts have adopted the Restatement (Second) Torts view that an unreasonable intrusion upon the seclusion of another occurs when "[o]ne . . . intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, . . . [and] the intrusion [is] highly offensive to a reasonable person." In the present case, taking the pleadings as true, the defendant physically intruded on the solitude of the plaintiff in a highly offensive manner. Accordingly, it would appear that based on the plain language of the Restatement, the allegations of sexual assault constitutes an actionable unreasonable intrusion claim.
There have been at least three cases where courts have upheld an invasion of privacy claim in cases involving sexual abuse or harassment. In C.T.W. v. B.C.G. D.T.G., 809 S.W.2d 788
(Tex.App. -Beaumont 1991), a step-grandfather was accused of molesting his two minor step-grandsons. In holding that a negligent invasion of privacy claim was sufficiently pleaded, the Court noted that "[a] paramount purpose of the law of torts is to safeguard certain rights and privileges and to preserve and protect the rights and privileges of individual citizens against the wrongful acts of other persons." Id., 796. It then held that since privacy was a "legal, protected interest an unlawful and criminal invasion of the right to privacy gives rise to a remedy for such legal injury." Id. In Busby v. Truswal Systems Corp., 551 So.2d 322 (Ala. 1989), the Court found that sexual harassment of female employees constituted an actionable invasion of privacy claim. See alsoStockett v. Tolin, 791 F. Sup. 1536 (S.D.Fla. 1992), but cf.,Haehn v. City of Hoisington, 702 F. Sup. 1526 (D.Kan 1988) (holding that sexual comments, as well as touching are not so CT Page 4627 intrusive as to constitute an "invasion of privacy.") Applying the principles of these cases to the present case, the Court finds that an invasion of privacy claim is more analogous to a personal injury claim and can be brought under General Statutes § 52-577d.
The second argument raised by the defendant is that the unreasonable intrusion claim does not allege a separate and distinct cause of action. "Separate and distinct causes of action . . . must be such as are both separable by some distinct line of demarcation." (Citation omitted.) Veits v. Hartford, 134 Conn. 428,438 (1948). The intentional or reckless infliction of emotional distress claim (Count II) and the invasion of privacy action (Count III) each have their own set of essential elements. Accordingly, the Court concludes there is a "distinct line of demarcation" and they are properly set out in separate counts.
The motion to strike is denied.
Klaczak, J.