[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On August 22, 1995, the plaintiff, Allison Schwartz, filed a five count complaint against the defendant, Peter Royal, alleging the following. On or about November 28, 1994, the plaintiff was hired by Action Windows, Inc. ("Action Windows") as a telemarketer. The defendant was employed at Action Windows as a sales manager. Additionally, the plaintiff was in a subordinate position to that of the defendant. The duties of the plaintiff's job at Action Windows required her to have constant contact and interact with the defendant on a daily basis.
Approximately three weeks after the plaintiff's commencement of employment with Action Windows, the defendant instituted a course of conduct that culminated in unwanted physical contact, demeaning and/or degrading name-calling and/or noises. The defendant stopped addressing the plaintiff by her name and often called her "gorgeous," "honey" or "hi, good looking." The defendant would put his arm around the plaintiff on her shoulders.
On January 17, 1995, the defendant put his arm around the plaintiff and pulled her tightly against his body. On the same date, at approximately 6:00 p.m., the plaintiff, her supervisor and the defendant were in a meeting at Action Windows. When the plaintiff got up from the meeting, the defendant raised his hand and slapped the plaintiff's buttocks with great force. Beginning in March 1995, the defendant would stare at the plaintiff's CT Page 4034-DD chest. The plaintiff claims that the above stated acts continued unabated, and created an intimidating and offensive hostile working environment which culminated in the constructive discharge of the plaintiff on March 13, 1995.
In count one, which sounds in intentional infliction of emotional distress, the plaintiff claims that the above stated actions of the defendant were done willfully, maliciously and with intent to cause the plaintiff emotional distress. In count two, the plaintiff claims that the defendant's conduct of putting his arm around the plaintiff and/or pulling her body tightly against his and/or slapping her buttocks was an offensive bodily contact which constitutes a battery. Counts three and four, the subjects of the present motion to strike, sound in interference with business expectancy and intrusion upon seclusion, respectively. In count five the plaintiff claims that the defendant's conduct constitutes negligent infliction of emotional distress.
On December 5, 1995, the defendant filed a motion to strike counts three and four of the plaintiff's complaint. In accordance with Practice Book § 155, the defendant filed a memorandum of law in support of his motion to strike. Additionally, the plaintiff filed a memorandum in opposition to the defendant's motion.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). "The motion to strike . . . admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 136, 142, 561 A.2d 432
(1989). Additionally, the court must construe the facts in the complaint most favorably to the plaintiff. Gordon v. BridgeportHousing Authority, supra, 208 Conn. 170.
Count Three — Tortious Interference with Business Expectancy
A claim for tortious interference with business expectancies requires a plaintiff to show: (1) the existence of a contractual or beneficial relationship; (2) the defendant's knowledge of that relationship; (3) the intent to interfere with it; and (4) the consequent actual loss suffered by the plaintiff. Solomon v.Aberman, 196 Conn. 359, 383, 493 A.2d 193 (1985). CT Page 4034-EE
In his memorandum of law in support of his motion to strike, the defendant concedes that the plaintiff has properly pleaded the existence of a contractual relationship, the defendant's knowledge of the relationship and a consequent actual loss suffered by the plaintiff. See Defendant's Memorandum in Support of Motion to Strike, p. 4. However, the defendant contends that the plaintiff has not satisfied the third element of the tort: namely, a showing of an intention on the part of the defendant to interfere with the plaintiff's business expectancies.
"For a plaintiff successfully to prosecute . . . an action [for tortious interference with contract rights or other business relations] it must prove that the defendant's conduct was in fact tortious." Blake v. Levy, 191 Conn. 257, 261, 464 A.2d 52 (1983). "This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously. (Citations omitted.) Id.
"Like the definition that emerges from our own cases, the Restatement (Second) of Torts defines intentional interference with business relations to cover a broad range of behavior. Every act of interference is not, however, made tortious. In the terminology of the Restatement, the test is whether the actor's behavior is `improper.'" (Citations omitted.) Blake v. Levy,
supra, 191 Conn. 261. In an action for intentional interference with business relations, the Connecticut Supreme Court has held that the plaintiff must plead and prove at least some improper motive or improper means. Blake v. Levy, supra, 191 Conn. 262.
In his memorandum in support of his motion to strike, the defendant argues that "[i]t is the third of the four prongs which comprise the necessary elements establishing a claim for interference with business expectancies which has been omitted in Plaintiff's Complaint." (Defendant's Memorandum in Support of Motion to Strike, p. 4.) The defendant further argues that the plaintiff does not allege, nor do the facts of the complaint demonstrate, an intention on the part of the defendant to interfere with the plaintiff's business expectancies. The defendant argues that the plaintiff has not alleged, and the facts do not indicate, that the defendant approached the plaintiff's employer on any level, directly or indirectly, regarding her position with them.
In response, the plaintiff argues that there is no CT Page 4034-FF requirement nor any element of the tort of interference with business expectancy that requires the plaintiff to plead or prove that the defendant approached the plaintiff's employer and either had her dismissed or encouraged her dismissal. Rather, the plaintiff argues that the third element of this tort simply requires a plaintiff to plead and prove that the defendant intended to interfere with the plaintiff's business expectancies. The plaintiff argues that she has properly pleaded an intention on the part of the defendant to have her constructively discharged.
In the present case, the plaintiff alleges that the defendant tortiously interfered with the business relationship between the plaintiff and Action Windows by: (1) intentionally and maliciously inflicting emotional distress on the plaintiff through his unwelcome offensive bodily conduct; (2) committing a battery on the plaintiff; (3) conducting a campaign of intimidation against the plaintiff; (4) creating a work place atmosphere that was intimidating, offensive and demeaning and which substantially interfered with her ability to perform her job responsibilities; and effectively causing the plaintiff to be constructively discharged from Action Windows. (Count Three, para. 17, 18, and 19).
Viewing these allegations in a light most favorable to the plaintiff, the facts in count three, if proven, sufficiently establish a cause of action for tortious interference with business expectancies on the part of the defendant. A claim for tortious interference with business expectancies does not require the plaintiff to plead or prove that the defendant went to the plaintiff's employer and either had her dismissed or encouraged her dismissal. Rather, the third element of this tort merely requires the plaintiff to plead and prove that the defendant intended to interfere with the plaintiff's business expectancies. As the Restatement (Second) of Torts and the case law above suggest, the plaintiff need only plead and prove some improper motive or means on the part of the defendant. This the plaintiff has sufficiently done. It can reasonably be inferred from the allegations in the complaint that the defendant's actions were accompanied by improper motive or means. It can also be reasonably inferred from the allegations that the defendant's actions caused the plaintiff's constructive discharge at Action Windows. Therefore, the third prong of the tort has been satisfied. Accordingly, the defendant's motion to strike as to count three of the plaintiff's complaint is denied. CT Page 4034-GG
Count Four — Intrusion Upon Seclusion
The Connecticut Supreme Court has recognized the tort of invasion of privacy as a legitimate cause of action. See Goodrichv. Waterbury Republican-American, Inc., 188 Conn. 107,448 A.2d 1317 (1982). In Goodrich, the court articulated that "the law of privacy has not developed as a single tort, but as a complex of `four distinct kinds of invasion of four different interests of the plaintiff, which are tied together by the common name, but otherwise have almost nothing in common except that each represents an interference with the right of the plaintiff to be let alone.'" Id., 127-28 quoting Prosser, Torts (4th Ed. 1971) § 117, p. 804. The court adopted the invasion of privacy definitions and categories set forth in the Restatement (Second) Torts. Id., 128. The four categories are as follows: "(a) unreasonable intrusion upon the seclusion of another . . . (b) appropriation of the other's name or likeness . . . (c) unreasonable publicity given to the other's private life . . . (d) publicity that unreasonably places the other in false light before the public." 3 Restatement (Second) Torts § 652A (1977). In count four of her complaint, the plaintiff seeks relief for the defendant's alleged unreasonable intrusion upon her seclusion. An unreasonable intrusion occurs when one "intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns [in a manner which is]" highly offensive to a reasonable person. 3 Restatement (Second) Torts § 652B (1977).
To date, the Connecticut Appellate Courts have not set forth the necessary elements of a claim for unreasonable intrusion upon seclusion. However, several superior courts have concluded that "[i]n order to establish a claim for unreasonable intrusion upon the seclusion of another, the plaintiffs must prove an intentional physical intrusion [by the defendant] upon the private affairs or concerns of the plaintiffs which would be highly offensive to a reasonable person." See Fields v. Kichar,
Superior Court, judicial district of Tolland at Rockville, Docket No. 054868 (May 2, 1995, Klaczak, J., 14 Conn. L. Rptr. 230),Mastroberti v. Hall, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 058336 (February 18, 1993, Pickett, J., 8 Conn. L. Rptr. 740); and Poulos v. Pfizer, Inc. etal., Superior Court, judicial district of New London at New London, Docket No. 520719 (June 24, 1992, Hurley, J.,6 Conn. L. Rptr. 545). In order to withstand the present motion to strike, CT Page 4034-HH the plaintiff must allege facts demonstrating an intrusion upon a privacy interest that is highly offensive to a reasonable person. See Fields v. Kichar, supra see also Poulos v. Pfizer, Inc. etal., supra.
In his memorandum of law in support of his motion to strike, the defendant argues "[t]he fact that Plaintiff herself chose to characterize Defendant's behavior as offensive and objectionable as opposed to highly offensive and/or highly objectionable should be [the] determinative" factor as to whether the plaintiff has sufficiently pleaded a claim for intrusion upon seclusion. See Plaintiff's Memorandum of Law in Support of Motion to Strike, p. 3. The defendant further argues that the facts alleged in the complaint, plaintiff's characterization notwithstanding, do not rise to the level of being highly offensive to a reasonable person.
In response, the plaintiff argues that there is no requirement that she plead the words "highly offensive" and/or "highly objectionable" in order to prevail on a claim for intrusion upon seclusion. Rather, the plaintiff argues that a plaintiff must allege facts which demonstrate highly offensive and/or highly objectionable conduct intruding into a privacy interest.
A careful review of the plaintiff's factual allegations in her complaint reveals that the facts upon which she relies are sufficient to support a claim for intrusion upon seclusion. Reasonable persons could find from the allegations that the defendant did intrude upon the plaintiff's seclusion or solitude. It can be inferred from the allegations that the defendant's conduct is highly offensive and highly objectionable to a reasonable person. The plaintiff has a right to be left alone and free from alleged harassment and intrusion to her private concerns. The defendant's alleged grabbing, hitting the buttocks of, and constant staring at the chest of, the plaintiff would, if proven, amount to an intrusion upon the private affairs or seclusion of the plaintiff. Therefore, the plaintiff has alleged conduct which, if proven, constitutes a claim for intrusion upon seclusion by the defendant. Accordingly, the defendant's motion to strike as to count four of the plaintiff's complaint is denied.
M. Hennessey, J. CT Page 4034-II