[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re: Motion to Strike
The plaintiff, Kimberly Gallagher, commenced this action against the defendants, Jerome Rapoport and Philip Russell, to recover damages based on an alleged sexual assault. The plaintiff alleges that she went to defendant Rapoport's residence on or about July 30, 1994, to perform cleaning services. While she was cleaning the defendant's home, the plaintiff claims that defendant Rapoport made unwanted sexual advances, offered the plaintiff money to perform sexual acts, grabbed the plaintiff's breast and buttocks, and, despite her resistance, attempted to force the plaintiff to engage in sexual activity. In the fourth count, the plaintiff alleges that the defendant's conduct "invaded the plaintiff's privacy in that he intruded upon her seclusion in a manner that would have been highly offensive to a reasonable person." Complaint, Count Four, ¶ 22.
Defendant Rapoport filed a motion to strike the fourth count of the plaintiff's amended complaint on the ground that the facts alleged do not support a cause of action for invasion of privacy for intrusion upon the plaintiff's seclusion. As required by Practice Book § 155, both parties filed appropriate memoranda of law.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the CT Page 4807 motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820,825-26, 676 A.2d 357 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems,Inc. v. BOC Group Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
According to the defendant, there are two versions of a claim for invasion of privacy based on intrusion upon seclusion. The first requires the "physical intrusion into a place in which the plaintiff has secluded himself, as when the defendant forces his way into the plaintiff's room in a hotel or insists over the plaintiff's objection to entering his home." 3 Restatement (Second), Torts § 652B, comment (b). The second involves "the use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs, as by looking into his upstairs windows with binoculars or tapping his telephone wires." Id. Because the defendant's alleged conduct occurred in his own home, the defendant argues that the plaintiff's allegations do not fall within either branch of this theory.
The plaintiff argues that in a case involving a claim for intrusion upon seclusion in which there is a significant physical assault, such as in the present case, the issue is whether the plaintiff's privacy right in her own body and sexual concerns has been violated. Therefore, the plaintiff claims that the location of the intrusion is of no significance.
The Connecticut Supreme Court has recognized a cause of action for invasion of privacy and has adopted the four categories as defined in § 652A of the Restatement (Second) of Torts. See Venturi v. Savitt Inc., 191 Conn. 588, 591,468 A.2d 933 (1983); Goodrich v. Waterbury Republican-American Inc.,188 Conn. 107, 126-128, 448 A.2d 1317 (1982).The four categories of invasion of privacy are: "(a) unreasonable intrusion upon the seclusion of another; (b) appropriation of the other's name or likeness; (c) unreasonable publicity given to the other's private life; or (d) publicity that unreasonably places the other in a false light before the public." Goodrich v. WaterburyRepublican-American. Inc., supra, 188 Conn. 128; 3 Restatement (Second), Torts § 652A (1977). "One who intentionally intrudes physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion CT Page 4808 would be highly offensive to a reasonable person." 3 Restatement (Second), Torts § 652B (1977). Therefore, "[i]n order for a complaint to withstand a motion to strike, the plaintiff must allege facts demonstrating an intrusion upon a privacy interest that is highly offensive to a reasonable person." Fields v.Kichar, Superior Court, judicial district of Tolland at Rockville, Docket No. 054868 (May 2, 1995, Klaczak, J.) (14 Conn. L. Rptr. 230, 231).
The Connecticut Appellate Courts have not yet set forth the necessary elements of a claim for unreasonable intrusion upon seclusion. Nevertheless, the authors of the Restatement explain that this form of invasion of privacy "consists solely of an intentional interference with [the plaintiff's] interest in solitude or seclusion, either as to his person, or as to his private affairs or concerns, of a kind that would be highly offensive to a reasonable man." 3 Restatement (Second), Torts § 652B, comment (a). "The invasion may be by physical intrusion into a place in which the plaintiff has secluded himself, as when the defendant forces his way into the plaintiff's room in a hotel or insists over the plaintiff's objection in entering his home. It may also be by use of the defendant's senses with or without mechanical aids, to oversee or overhear the plaintiff's private affairs, as by looking into his upstairs windows with binoculars or tapping his telephone wires." Id., comment (b). "The defendant is subject to liability under the rule stated in this Section [§ 652B] only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs. . . . Even in a public place,
however, there may be some matters about the plaintiff, such as his underwear or lack of it, that are not exhibited to the public gaze; and there may still be invasion of privacy when there is intrusion upon these matters." (Emphasis added.) Id., comment (c).
The plaintiff essentially alleges that the defendant sexually assaulted her in his home. Even in a public place, there may be some matters about the plaintiff, such as the most intimate parts of her body, that are not exhibited to the public, and there may still be an invasion of privacy when there is intrusion upon these matters. See 3 Restatement (Second), Torts § 652B, comment (c). Furthermore, "highly personal questions or demands by a person in authority may be regarded as an intrusion on psychological solitude or integrity and hence an invasion of privacy." W. Prosser W. Keeton, Torts (5th Ed. Supp. 1988) CT Page 4809 § 177, p. 121. "Accordingly, it would appear that based on the plain language of the Restatement, the allegations of sexual assault constitute an actionable unreasonable intrusion claim."Fields v. Kichar, supra, 14 Conn. L. Rptr. 231 (allegations of a series of sexual assaults sufficient to establish that "the defendant physically intruded on the solitude of the plaintiff in a highly offensive manner").
Viewed in the light most favorable to the plaintiff, the plaintiff's allegations, which includes repeated and offensive touching of the most private parts of the plaintiff's body as well as sexual demands by the defendant, constitute an intrusion into the plaintiff's physical and psychological solitude and are sufficient to state a claim for invasion of privacy based on an unreasonable intrusion upon the plaintiff's seclusion. SeeSchwartz v. Royal, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 553218 (May 20, 1996, Hennessey, J.) (defendant's alleged grabbing, hitting the buttocks of, and constant staring at the chest of the plaintiff sufficient to state a claim for intrusion upon seclusion); Vernonv. Medical Management Associates of Margate Inc., 912 F. Sup. 1549,1561-62 (S.D.Fla. 1996) (persistent touching and fondling along with lewd sexual remarks "reflect a series of unwelcome and unreasonable intrusions into the most intimate areas of the Plaintiff's person," and were sufficient to state a claim for invasion of privacy); Stockett v. Tolin, 791 F. Sup. 1536,1555-56 (S.D.Fla. 1992) (defendants repeated groping and kissing of the plaintiff "constituted both an offensive and unwelcome touching (i.e. battery) and an invasion of her physical solitude (invasion of privacy)"). Accordingly, the defendant's motion to strike the fourth count of the plaintiff's amended complaint is denied.
D'Andrea, J.