Agnes, Peter W., J.
1. The plaintiff has filed a multi-count complaint which has been amended to allege negligence and breach of contract against the defendant Town of Webster (counts 1-3 are for negligent invasion of privacy, negligent infliction of emotional distress and general negligence; count 4 is for breach of the warranty of privacy and count 5 is for breach of contract under a collective bargaining agreement) and against the remaining individuals for intentional invasion of privacy (count 6) and intentional infliction of emotional distress (count 7). The defendants have filed a motion to dismiss on grounds that the court lacks jurisdiction and that the plaintiff has failed to state claims for which relief can be granted.
2. Taking the allegations of the complaint to be true, it appears that the plaintiff, a full-time police officer with the Town of Webster, underwent certain medical and psychological tests as a condition of his employment, that the test results were in the custody and control of the Town of Webster, that the results of those tests were viewed by unauthorized persons, and that he was embarrassed and suffered severe mental anguish when information contained in those test results appeared in published newspaper articles.
3. With regard to count 1 (negligent invasion of privacy), the parties agree that the court may consider matters outside the pleading including, in particular, a letter on behalf of the plaintiff to the defendant Town dated March 24, 2004. This letter satisfies the requirements of G.L.c. 258, §4. The defendant Town further argues that the there is no such tort as “negligent *152 invasion of privacy,” and that the plaintiffs claim is solely for intentional acts of wrongdoing which cannot be imputed to the Town under G.L.c. 258. See G.L.c. 258, §10(c). See Doe v. Town of Plymouth, 825 F.Sup. 1102 (D.Mass. 1993). However, a municipality may be liable under a negligence theory in circumstances in which the harm is the direct result of intentional acts. See Chaabouni v. City of Boston, 133 F.Sup.2d 93 (D.Mass. 2001), discussing Doe v. Town of Blandford, 402 Mass. 831, 838 (1988). No Massachusetts decision has foreclosed a claim for common-law negligence based on conduct or the failure to act that brings about a substantial invasion of privacy. See Alberts v. Devine, 395 Mass. 59, 70 (1985); Spring v. Geriatric Authority of Holyoke, 394 Mass. 274 (1985). Compare Commonwealth v. Brandwein, 435 Mass. 623, 630 (2002) (suggesting that the unlawful disclosure of a person’s confidential medical information by a physician could constitute an invasion of privacy under G.L.c. 214, §1B or some other “actionable tort”). Other jurisdictions have recognized such a common-law cause of action. See, e.g., Prince v. St. Francis-St. George Hospital, 20 Ohio App.3d 4 (1985); Russell v. Thompson Newspapers, Inc., 842 P.2d 896 (Utah 1992); Crump v. Beckley Newspapers, Inc., 173 W.Va. 699 (1983); Fields v. Kichar, 14 Conn. L. Rptr. 230, 1995 Conn.Super. LEXIS 1335 (1995). Although the Supreme Judicial Court has not adopted the “false light” theoiy of the invasion ofprivacyunderG.L.c. 214, §1B, Ayash v. Dana Farber Cancer Inst., 443 Mass. 367, 382 n.16 (2005), discussing Restatement 2d of Torts §652A, the theoiy has not been rejected. See Fox Tree v. Harte-Hanks Communications, Inc., 398 Mass. 845, 848-49 (1986). The plaintiff should have an opportunity to develop his theoiy of negligent invasion of privacy on the part of the Town of Webster. Thus, while it follows from what has been said that the defendant Town’s motion to dismiss is DENIED.
4. Notwithstanding the denial of the defendant Town’s motion, it has not gone unnoticed that the plaintiffs complaint is razor thin on the nature of the harm suffered by the plaintiff. There is no indication of what specific information about the plaintiff was disclosed. If a claim for negligent invasion of privacy is to be maintained, it is reasonable to assume that the plaintiff would be required to prove that he suffered physical harm manifested by objective symptomatology just as in the case of negligent infliction of emotional distress and that a reasonable person would have suffered emotional distress in the circumstances. See Payton v. Abbott Labs, 386 Mass. 540, 557 (1982). Absent such proof, the defendants will have a strong argument in favor of summary judgment.
5. With regard to counts 2 and 3, the alleged facts are essentially the same. The complaint contains the bare minimum to survive a Rule 12(b)(6) motion to dismiss count 2 alleging a negligent infliction of emotional distress. However, what has been said in paragraph (4) applies to this count as well. Count 3 is dismissed as duplicative of count 2.
6. Count 4 is dismissed because there is no such cause of action recognized in Massachusetts. See Spring, supra, 394 Mass, at 291.
7. Count 5 is dismissed because as a police officer and member of the union, the plaintiff cannot bring suit as an individual alleging a violation of the collective bargaining agreement. See Marquez v. Screen Actors Guild, 525 U.S. 33, 44 (1998); Collective Bargaining Reform Ass’n v. Labor rels. Comm’n, 436 Mass. 197, 208 n. 12 (2001).
8. The motion to dismiss counts 6 and 7 is denied because G.L.c. 41, §11 IF permits a police officer injured in the course of the performance of his duties to bring suit for damages.

ORDER

For the above reasons, the motion to dismiss is ALLOWED IN PART and DENIED IN PART. The motion to dismiss counts 3, 4 and 5 is ALLOWED. Otherwise the motion is DENIED.